IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UPSOLVE, INC. and REV. JOHN UDO-OKON,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>LETITIA JAMES, in her official capacity as Attorney General of the State of New York,<br><br>*Defendant-Appellant*. | Case No. 22-1345 |

## **RESPONSE TO MOTION TO INTERVENE ON APPEAL**

We represent Plaintiffs-Appellees Upsolve, Inc. and Rev. John Udo-Okon in connection with the above-referenced matter. On July 29, 2022, Mr. Erwin Rosenberg filed in this Court a Motion to Intervene on Appeal (ECF 28) (the "Motion"). The district court below denied Mr. Rosenberg's motion for permissive intervention, explaining that "[Mr.] Rosenberg seeks much broader relief than Plaintiffs[,] is not similarly situated," and "[h]is intervention would deeply complicate the issues presented and delay the proceedings." D. Ct. ECF 69 at 1. This Court should deny his Motion to Intervene on Appeal for the same reasons.

To determine whether to permit intervention on appeal, this Court "consider[s] the policies underlying intervention in the district courts, including the

legal interest that a party seeks to protect through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022) (cleaned up). Permissive intervention in the district court is properly denied where it would raise distinct factual or legal questions from the main action. *See* Fed. R. Civ. P. 24; *see, e.g.*, *Wash. Elec. Co-op, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97–98 (2d Cir. 1990); *Wingate v. Gives*, No. 05 Civ. 1872, 2009 WL 424359, at *6 (S.D.N.Y. Feb. 13, 2009).

In denying Mr. Rosenberg's motion for intervention, the district court below well explained how Mr. Rosenberg's broad, facial challenge to New York's attorney-licensing regime raises distinct issues from Plaintiffs-Appellees' narrow challenge to certain of New York's rules governing the unauthorized practice of law only as applied to Plaintiffs-Appellees' "unique program":

> A non-lawyer, Erwin Rosenberg, has moved for permissive intervention in this case. *See* ECF No. 64. Rosenberg was apparently disbarred but remains "interested in practicing law in New York courts." *Id.* at 1. He pushes the Court to address the broad question of "whether the New York lawyer licensing and disciplinry [*sic*] system violates the First Amendment." *Id.* In other words, Rosenberg seeks to assert a facial challenge—a "general constitutional attack"—on New York's ability to "admit, suspend and/or disbar a lawyer." *Id.* at 5. Rosenberg's challenge to the UPL rules is nothing like the Plaintiffs' challenge here, and the Court can confidently predict his challenge to the State's licensing scheme would fall within the myriad of cases upholding UPL statutes generally.

ECF 3 at 17 n.6, 32; *see also* D. Ct. ECF 78 (denying Rosenberg's motion for reconsideration). Mr. Rosenberg's intervention, the district court explained, "would deeply complicate the issues presented and delay the proceedings." D. Ct. ECF 69 at 1.

Mr. Rosenberg's Motion in this Court offers no basis for questioning the district court's reasoning and injecting new and distinct factual and legal issues into this appeal. Mr. Rosenberg again asserts a "constitutional facial attack against the New York lawyer licensing scheme." Motion at 1. He again does not argue that he is entitled to intervene as of right, and he does not offer any new reasons why this Court should allow permissive intervention when the district court did not. *See* Fed. R. Civ. P. 24. Mr. Rosenberg could adequately protect his own interests by pursuing a standalone action, and allowing him to participate in this one would only distract and delay this Court's consideration of the sole, legal issue in this appeal: whether "a prosecution under New York's rules governing the unauthorized practice of law ('UPL') would violate the First Amendment as applied to [Plaintiffs-Appellees'] specific program." D. Ct. ECF 62 at 1.

Plaintiffs-Appellees respectfully ask the Court to deny the Motion.

Dated: August 8, 2022          Respectfully submitted,

                                           /s/ Zachary Tripp
                                           Zachary D. Tripp
                                           WEIL, GOTSHAL & MANGES LLP
                                           2001 M Street, NW
                                           Washington, DC 20036
                                           (202) 682-7000

                                           Gregory Silbert
                                           Robert B. Niles-Weed
                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York 10153
                                           (212) 310-8000

                                           *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it was produced in 14-point Times New Roman font and contains 627 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

                                    /s/ Zachary Tripp
                                    Zachary D. Tripp

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that counsel for Defendant-Appellant in this case is a registered CM/ECF user and that service will be accomplished by the appellate CM/ECF system. I certify that service on movant Erwin Rosenberg will be accomplished by mail at 1000 West Island Blvd. #1011, Aventura, Florida 33160.

/s/ Zachary Tripp
Zachary D. Tripp