

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

August 8, 2022

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

I represent defendant-appellant Letitia James, in her official capacity as New York State Attorney General, and write respectfully to oppose Erwin Rosenberg's motion to intervene on appeal. *See* Mot. to Intervene (Mot.) (July 29, 2022), CA2 Dkt. No. 28. Rosenberg is a former attorney who has been disbarred in at least three jurisdictions, including New York. *See Matter of Rosenberg*, 202 A.D.3d 1271, 1272-74, 1272 n.3 (3d Dep't 2022); *Florida Bar v. Rosenberg*, No. SC17-1108, 2017 WL 4233015, at *1 (Fla. Sept. 25, 2017). Rosenberg has already been denied intervention in the district court, and he has no cognizable basis to intervene on appeal.

Plaintiffs in this case are a nonprofit organization and an individual nonlawyer wishing to work with that organization. Plaintiffs want to provide unlicensed legal advice to low-income individuals regarding how to prepare answers to complaints filed against them in debt collection lawsuits. The district court granted a preliminary injunction barring the Attorney General from enforcing against plaintiffs

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-8020 • FAX (212) 416-8962 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

the New York statutes prohibiting the unauthorized practice of law. The court ruled that as applied to plaintiffs, the unauthorized practice statutes likely would violate the First Amendment's Free Speech Clause. (Op. & Order (May 24, 2022), Dist. Ct. Dkt. No. 68.) Through this appeal, the Attorney General seeks reversal of the district court's injunction.

Prior to the injunction's issuance, Rosenberg sought intervention in the district court. He claimed an interest in asserting a facial First Amendment challenge to the unauthorized practice statutes. (Mot. for Permissive Intervention (May 10, 2022), Dist. Ct. Dkt. No. 63; Am. Mot. for Permissive Intervention (May 23, 2022), Dist. Ct. Dkt. No. 64.) The district court denied Rosenberg's motion, explaining that intervention would unduly complicate and delay the proceedings on plaintiffs' as-applied challenge. (Order (May 25, 2022), Dist. Ct. Dkt. No. 69.) Rosenberg did not appeal the order denying his motion to intervene. He moved for reconsideration (Mot. for Reconsideration (June 13, 2022), Dist. Ct. Dkt. No. 76), and the district court denied that motion as well (Order (June 27, 2022), Dist. Ct. Dkt. No. 78).

Having been properly denied intervention in the district court, Rosenberg also should not be permitted to intervene in this Court. This appeal challenges the propriety of the injunction that the district court entered in favor of the two named plaintiffs. That injunction does not affect Rosenberg's rights, and disposition of this appeal will not "as a practical matter impair or impede [Rosenberg's] ability to protect [his purported] interest" in practicing law despite having been disbarred. *See* Fed. R. Civ. P. 24(a)(2) (cited in Mot. at 1).

Conversely, permitting Rosenberg to intervene on appeal would unduly complicate and delay these proceedings. Rosenberg's position on appeal—that the district court should have issued exceedingly broad relief declaring New York's attorney licensing laws to be "facially violative of the First Amendment" (Mot. at 2)—would be at odds with the positions of both the Attorney General and of the plaintiffs (who seek relief only as applied to themselves). Allowing Rosenberg to intervene would unnecessarily multiply and confuse the issues. Moreover, this Court has already set a briefing schedule (Order (July 7, 2022), CA2 Dkt. No. 21), which presumably would have to be altered to accommodate a new intervenor-appellant.

2

Because there is no plausible basis to burden the parties and the Court in this case by allowing Rosenberg to intervene, the motion should be denied.

Respectfully submitted,

/s/ Cleland B. Welton II

Cleland B. Welton II
Assistant Solicitor General

Cc: Zachary D. Tripp, Esq.
Erwin Rosenberg

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 563 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

/s/ Cleland B. Welton II
Cleland B. Welton II

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2022, I served the foregoing on movant Erwin Rosenberg by first-class mail to 1000 West Island Blvd. #1011, Aventura, Florida 33160.

/s/ Cleland B. Welton II
Cleland B. Welton II