UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA

ERWIN ROSENBERG'S REPLY TO RESPONSES TO MOTION TO INTERVENE ON APPEAL

In its Response to Rosenberg's Motion to Intervene on Appeal, Appellees write that Rosenberg "offers no basis for questioning the district court's reasoning and injecting new and distinct factual and legal issues into this appeal. . . . and he does not offer any new reasons why this Court should allow permissive intervention when the district court did not."  See Appellee's Response Document 33 page 3.  Appellant says that "Coversely, permitting Rosenberg to intervene on appeal wuld unduly complicate and delay these proceedings."  See Appellant's Response Document 34 page 2.

In fact Rosenberg offers a basis for questioning the district court's reasoning and injecting a new legal issue into this appeal and would not unduly complicate and delay these proceedings.  In his motion, Rosenberg said "This Court has held that a party challenging a state law pre-enforcement constitutes a facial, rather than as-applied challenge.  See Jacoby & Meyers v. Presiding Justices, 852 F. 3d 178, 184 (2nd Cir. 2017)("On appeal,

they do not address the issue until their reply brief. In any event, "[b]ecause plaintiffs pursue this pre-enforcement appeal before they have been charged with any violation of law, it constitutes a facial, rather than as-applied challenge." *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 265 (2d Cir. 2015) (internal quotation marks omitted)."). "This Court may decide that an as-applied attack is insufficient, disagreeing with Judge Crotty. The district court tried to address this problem. See ECF 68 pages 10-11.

See Geller v. Cuomo, 476 F. Supp. 3d 1, 17 (Dist. Court, SD New York 2020) which says "Although there appears to be some tension between *Jacoby* and *Steffel* and *Holder,* all of which are binding on this Court, the Court need not resolve that tension here because the facts of both *Steffel* and *Holder* are readily distinguishable from the instant case, and neither supports Geller's standing to bring an as-applied challenge. Geller acknowledges that she never even attempted to apply for a permit for her planned protest. Instead, she abandoned them before any interaction with the police, so that no threats of enforcement of the gathering restrictions have ever been made against her." Judge Crotty's cite to Milavetz, Gallop & Milavetz, PA v. US, 559 US 229 (2010) can be distinguished on the basis that in that case it was unclear whether in fact the Plaintiffs had made any as-applied challenge. See Milavetz, Gallop & Milavetz, PA v. US, 130 S.Ct. 1324, 1339 (2010)("Finally, we address the validity of § 528's challenged disclosure requirements. Our first task in resolving this question is to determine the contours of Milavetz's claim. Although the nature of its challenge is not entirely clear from the briefing or decisions below, counsel for Milavetz insisted at oral argument that this is "not a facial challenge; it's an as-applied challenge." Tr. of Oral Arg. 26. We will approach the question

2

consistent with Milavetz's characterization.[7]" (emphasis added)(footnote omitted).

As in <u>Geller</u>, Appellees also never attempted to apply for permission for its planned unlicensed legal advising.

Since Appellees failure to have made a facial attack argument may delay their final achievement of the relief they seek and Rosenberg had not pointed out this error to the district court, this Court to grant Rosenberg's motion to intervene on appeal.

CERTIFICATE OF SERVICE

I certify that on August 10, 2022 I served by placing in a mailbox a copy of this Reply to Appellees via Zack Tripp, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 and emailed to Zack.Tripp@weil.com and Appellant via Cleland B. Welton II, Assistant Solicitor General, State of New York, Office of the Attorney General, 28 Liberty St, New York, NY 10005-1400 and emailed to Cleland.Welton@ag.ny.gov and emailed a copy to prosecases@ca2.uscourts.gov

Respectfully Submitted,

<u>/s// Erwin Rosenberg</u>
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com