# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1345,

**Caption [use short title]:** UPSOLVE, INC. v. LETITIA JAMES

**Motion for:** ROSENBERG'S MOTION FOR THE MERITS PANEL TO REVISIT ROSENBERG'S MOTION TO INTERVENE ON APPEAL

**Set forth below precise, complete statement of relief sought:**

For the merits panel to grant Rosenberg's motion to intervene on appeal.

**MOVING PARTY:** Erwin Rosenberg (seeking to intervene)
**OPPOSING PARTY:** Appellant and Appellee.

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Erwin Rosenberg (pro se)
**OPPOSING ATTORNEY:** Cleland B. Welton II and Zack Tripp

[name of attorney, with firm, address, phone number and e-mail]

Erwin Rosenberg (pro se) 1000 Island Blvd 1011
Aventura, Florida 33160
786-299-2789 erwinrosenberg@gmail.com

**Court- Judge/ Agency appealed from:** _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**
Erwin Rosenberg (pro se)  **Date:** October 13, 2022  **Service by:** ☐ CM/ECF  ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA

### ROSENBERG'S MOTION FOR THE MERITS PANEL TO REVISIT ROSENBERG'S MOTION TO INTERVENE ON APPEAL

Rosenberg filed a motion to intervene on appeal. Document 28. It references Rosenberg's argument based on Riley v. National Federation of Blind of NC, Inc., 487 US 781 (1988) although it mistakenly references Index ECF 73 instead of Index.ECF 76 Rosenberg's motion for reconsideration made to the district court. That motion argues that *Riley* indicates that licensing of a professional fundraiser like a lawyer affects speech such that the licensing law calls for heightened scrutiny and even if the government has a sufficient interest to enact such a licensing law, if the government denies a license to an applicant the government must be required to seek a determination by a neutral court that the censorship complies with the First Amendment. In Riley that procedural safeguard was not met so the licensing law was held to be unconstitutional. Rosenberg argues that the same problem exists with New York's lawyer licensing scheme.

The motion to intervene on appal was opposed in writing by Appellant and Appellee.

1

Documents 33 and 34. Rosenberg filed a Reply. Document 39. The motion to intervene on appeal was denied by a Single Justice. Document 44. Rosenberg filed a motion for reconsideration. Document 47. The motion for reconsideration was denied by a motions panel. Document 61. The merits panel may revisit these orders. See Hassoun v. Searls, 976 F. 3d 121, 134 (2nd Cir. 2020)("To the extent Hassoun suggests that the precedential status of a motion panel's jurisdictional ruling differs from its rulings on other issues, that is mistaken. "[N]early every ... Circuit," including this one, has held that a merits panel "may revisit [a] motions panel's decision on jurisdiction." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) (citing cases); *see also* E. Bay Sanctuary Covenant v. Trump, 950 F.3d 1242, 1264-66 (9th Cir. 2020) (noting that a motions panel's jurisdictional ruling is "persuasive, but not binding").").

This Court should take notice that Appellant has filed its brief but the table of authorities does not cite Riley v. National Federation of Blind of NC, Inc., 487 US 781 (1988). See Document 62.

Wherefore Rosenberg moves for the merits panel to revisit Rosenberg's motion to intervene on appeal.

## CERTIFICATE OF SERVICE

I certify that on October 13, 2022 I served by placing in a mailbox a copy of this Motion Information Statement to Appellees via Zack Tripp, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 and emailed to Zack.Tripp@weil.com and Appellant

via Cleland B. Welton II, Assistant Solicitor General, State of New York, Office of the Attorney General, 28 Liberty St, New York, NY 10005-1400 and emailed to Cleland.Welton@ag.ny.gov and emailed a copy to prosecases@ca2.uscourts.gov

Respectfully Submitted,

/s// *Erwin Rosenberg*
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com