**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1345  **Caption [use short title]**

**Motion for:** INTERVENE ON APPEAL

UPSOLVE, INC. V. JAMES

Set forth below precise, complete statement of relief sought:

Andrew Delaney, a debtor who filed for chapter 7 using Upsolve, seeks to intervene in this appeal.

**MOVING PARTY:** ANDREW DELANEY  **OPPOSING PARTY:** APPELLEE UPSOLVE, INC.
☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** PRO SE  **OPPOSING ATTORNEY:** ROBERT NILES-WEED
[name of attorney, with firm, address, phone number and e-mail]

Makati Central P.O.1057 Brgy. San Antonio,   Weil, Gotshal & Manges LLP
Makati City 1250 Republic of the Philippines   767 Fifth Avenue, New York, NY 10153-0119
63-96-6438-0081 orchrd@hotmail.com   212-310-8000, robert.niles-weed@weil.com

**Court-Judge/Agency appealed from:** The Honorable Paul A. Crotty

**Please check appropriate boxes:**  **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):  Has request for relief been made below? ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____   Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
_[signature]_ **Date:** November 14, 2022   **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------x
UPSOLVE, INC., REV. JOHN EDO-OKON,

                       Plaintiff-Appellee,

-against-                                          Index No. 22-1345

LETITIA JAMES, in her official capacity as,
Attorney General of New York,

                       Defendant-Appellant
-------------------------------------------------------------x

## MOTION TO INTERVENE

For the reasons stated in the attached memorandum of points and authorities, ANDREW DELANEY ("Delaney") respectfully requests that the Court permit his intervention as a matter of right in this action under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permit him to intervene under Rule 24(b).

Delaney has notified the parties pursuant to Local Rule 27.1, who indicated that, at this time, UPSOLVE, INC. opposes the motion to intervene. Delaney does not yet know the appellant's position with respect to his motion to intervene.

Dated:      November 14, 2022      Respectfully submitted,
                                                        /s/Andrew Delaney
                                                        Andrew Delaney
                                                        *Plaintiff (Pro Se)*
                                                        Makati Central Post Office P.O. Box 1057
                                                       Brgy. San Antonio
                                                       Makati City 1250

1

                                        Republic of the Philippines
                                        63-96-6438-0081
                                        orchrd@hotmail.com

cc: All counsel of record (via ECF)

CERTIFICATE OF SERVICE

      I hereby certify that on November 14, 2022, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

                              By /s/Andrew Delaney
                              Andrew Delaney
                              *Plaintiff (Pro Se)*
                              Makati Central Post Office P.O. Box 1057
                              Brgy. San Antonio
                              Makati City 1250
                              Republic of the Philippines
                              63-96-6438-0081
                              orchrd@hotmail.com

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------x
UPSOLVE, INC., REV. JOHN EDO-OKON,

                    Plaintiff-Appellee,

-against-                                  Index No. 22-1345

LETITIA JAMES, in her official capacity as,
Attorney General of New York,

                    Defendant-Appellant
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF ANDREW DELANEY'S MOTION TO INTERVENE

### INTRODUCTION

ANDREW DELANEY ("Delaney") seeks to intervene in the above-captioned appeal of a decision in the United States District Court for the Southern District of New York (the "Southern District") in favor of appellee UPSOLVE, INC. and enjoining the NEW YORK STATE ATTORNEY GENERAL LETITIA JAMES from prosecuting Upsolve for the unauthorized practice of law ("UPL").

1. Delaney is entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Delaney is a debtor who mistakenly filed a chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York based on Upsolve's false advertising and encouragement of unnecessary bankruptcy filings by individuals in the State of New York and

1

elsewhere and who was greatly harmed by its error-ridden legal advice. Intervention is particularly necessary given that the district court enjoined the New York State Attorney General, who seeks to protect individuals such as Delaney from organizations such as Upsolve, erroneously determined that Upsolve is not engaged in UPL and should be immune from prosecution by the state.

2. The named defendant does not include a customer of Upsolve's who actually used and was greatly damaged by its malpractices, and circuit precedent is clear that allowing intervention is necessary under these circumstances. In the alternative, Delaney requests permissive intervention pursuant to Rule 24(b).

3. Delaney has noticed the Attorney General and Upsolve, the latter advising him that it intends to oppose his motion to intervene. This is not surprising due to the fact that, compared to the largely theoretical arguments so far, Delaney is an individual who actually experienced, used Upsolve, and was actually damaged by Upsolve's robo-lawyering.

## FACTUAL BACKGROUND

4. Upsolve successfully sued the Attorney General in the Southern District to enjoin it from prosecuting it for UPL. Delaney, an actual client of Upsolve's, had the direct experience that Upsolve is engaged in the practice of law and strongly disagrees with the district court decision, which painted a rosy and inaccurate picture of Upsolve's business model.

5. Delaney also can show that Upsolve is not a real charity or philanthropic organization but is a business masquerading as an eleemosynary institution. Upsolve raises millions of dollars from "investors" such as Silicon Valley venture capitalists and also earns $500,000 in referral fees every year from its list of lawyers. It also takes "donations" from debtors. This is to enable Upsolve to avoid being classified as being paid to be a bankruptcy petitioner preparer or legal service provider while still making millions.

6. Upsolve and its founder Rohan Pavuluri *encourage bankruptcy filings* by creating a false and overly simplified view of the process and without disclosing the risks from their service and from chapter 7. Delaney had an excellent credit history for 40 years and only two small unsecured debts of $44,000 and had no need or reason to file for chapter 7. Upsolve has a vested interest in recommending individuals to file for bankruptcy without describing the risks and negatives since that is how it raises money. As a result, Delaney's chapter 7 case has dragged on for two years and done the opposite of providing him with a "fresh start". Rather, the chapter 7 process under Upsolve has caused him incalculable and irreversible damage, including to his profession and reputation, neither of which it disclosed to him when it touted the benefits of chapter 7.

7. Worse, as noted by the United States Bankruptcy Court for the District of Maryland, Upsolve does not properly determine the debtor's state of

residence and does not distinguish between residence and domicile. *In re Peterson*, 19-24045, 19-24551 (Bankr. Md. Jun 01, 2022) As a result, Delaney filed for chapter 7 even though he is a U.S. citizen with his domicile in a foreign country who is not eligible to file for bankruptcy in the United States. 11 U.S.C. § 109 (Who may be a debtor). He should never have filed for chapter 7 in the first place.

8. Upsolve also does not advise properly as to the use of exemptions and does not disclose the real costs of bankruptcy. It does not disclose the costs of the trustee and his or her counsel. Moreover, in the *Peterson* case, Pavuluri falsely stated that chapter 7 legal fees are only $1,200 when they are far higher than that.

9. Upsolve has conflicts of interest because it is in fact acting for its investors and the attorneys on its list who pay it referral fees, instead of its real client the debtor. No lawyer providing the same services as Upsolve would be allowed to have such conflicts.

10. When Delaney experienced issues in his bankruptcy, he tried to contact Upsolve, which abandoned him completely and left him to fend for himself in Brooklyn. While Upsolve purports not to be lawyers, its executives publicly oppose the supposed monopoly over legal services enjoyed by state bar associations and portray themselves as expanding the reach of legal services. It is

actually presenting itself to the public as providing legal services. In short, Upsolve tries to have it both ways depending on who it is talking to.

11. Delaney has strong legal claims for damages against Upsolve and is looking to Attorney General James to look out for his and other members of the public's interests. Thus, Delaney has an interest in this appeal and in the reversal of the lower court injunction in favor of Upsolve, who is actually the black hat, and against the Attorney General, who is the white hat. The district court got it the other way around when it is Upsolve, not Attorney Geneal James, who is the Big Bad Wolf.

## ARGUMENT

12. Circuit precedent all but compels the conclusion that Delaney should be permitted to intervene as a matter of right as a defendant in this challenge of the district court injunction against the Attorney General from protecting debtors in New York State. In the alternative, Delaney also meets the requirements for permissive intervention, and the Court should exercise its discretion to permit Delaney to intervene to defend his interests. Since many of the arguments in this case are theoretical and not based on actual client case studies, Delaney's intervention presents the real world problems with Upsolve's practices which should be illegal.

A.  Delaney Is Entitled to Intervene as a Matter of Right

5

13. Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as a matter of right. That provision provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Firstly, Delaney has standing because as a debtor with a pending chapter 7 case in New York and who has not received a discharge he has a significant and direct interest in overturning the district court order shielding Upsolve from prosecution. Delaney is able to show injury in fact, since he has been greatly harmed by Upsolve's practices.

14. Secondly, Delaney's motion is timely, since the Attorney General just filed her appeal brief on October 5, 2022. There is no prejudice to the parties already in the proceedings by allowing Delaney to intervene and be heard on this case of great public importance.

15. Thirdly, the proposed intervenor has a legally protected interest in the litigation pursuant to Rule 24(a).

16. Fourthly, Delaney's interests will not otherwise be adequately protected. Upsolve can assert the users' experience with its platform without

6

contradiction from a real-life user and client who suffered and continues to suffer damages due to its unlawful, negligent, and criminal operations.

17. In addition, there is some skepticism of the government's adequately representing private parties such as Delaney.

18. The merits of the central issues in this case will impact Delaney's pending bankruptcy case and planned litigation against Upsolve.

B. In the Alternative, Delaney Requests Permission to Intervene

19. If the Court does not grant Delaney's motion to intervene as a matter of right, he respectfully requests that the Court exercise its discretion to allow him to intervene under Rule 24(b). The Court has broad discretion to grant a motion for permissive intervention when the Court determines that (1) the intervenor's claim or defense and the main action have a question of law or fact in common, and that (2) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(1)(B).

20. Delaney easily meets the requirements for permissive intervention. Firstly, Delaney's claims against Upsolve have questions of law and fact in common with this appeal. Secondly, for the reasons set forth above, the motion is timely and, given the early stage of this litigation, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

## CONCLUSION

For the reasons stated above, Delaney respectfully requests that the Court grant his motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, to permit him to intervene under Rule 24(b).

Dated: November 14, 2022

Respectfully submitted,
/s/Andrew Delaney
Andrew Delaney
*Plaintiff (Pro Se)*
Makati Central Post Office P.O. Box 1057
Brgy. San Antonio
Makati City 1250
Republic of the Philippines
63-96-6438-0081
orchrd@hotmail.com