# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| UPSOLVE, INC. and REV. JOHN UDO-OKON, *Plaintiffs-Appellees*, v. LETITIA JAMES, in her official capacity as Attorney General of the State of New York, *Defendant-Appellant*. | Case No. 22-1345 |

## RESPONSE TO MOTION TO INTERVENE ON APPEAL

Movant Andrew Delaney's request to intervene in this appeal (Document 85) should be denied.* Movant suggests intervention is appropriate here because, in essence, he used Upsolve's bankruptcy app to file a Chapter 7 bankruptcy and was dissatisfied with its services. But Upsolve's bankruptcy app is entirely irrelevant to this appeal, which

---

* The motion to intervene invokes Rule of Civil Procedure 24 to justify intervention here. This appeal, of course, is governed by the Rules of Appellate Procedure, which do not have an analogous intervention provision. *Cf. Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir. 2020) ("[I]n part because there is no rule allowing them, motions to intervene on appeal are reserved for truly exceptional cases."). Under any standard, however, the instant motion fails for the reasons stated below.

involves a different Upsolve project, and, in any event, Movant's complaints about Upsolve's app are unsupportable.

To start, this appeal does not involve Upsolve's bankruptcy services. One of Upsolve's other projects does provide free bankruptcy-related services, including a software application that allows certain users to create their own filings for a Chapter 7 bankruptcy. Joint Appendix ("J.A.") 12. But those bankruptcy services and software are not the unauthorized practice of law—indeed, Upsolve has carefully worked to ensure that its software does not engage in the unauthorized practice of law. *See generally In re Peterson*, No. 19-24045, 2022 WL 1800949, at *55 (Bankr. D. Md. June 1, 2022) (evaluating Upsolve's bankruptcy software in relation to Maryland's restrictions on the unauthorized practice of law and praising the company's "candor, initiative, and respect for the adjudication process" in complying with the bankruptcy court's review).

This case is not about Upsolve's bankruptcy software but instead about an entirely different Upsolve project—one that does constitute the unauthorized practice of law in New York. That project, the American Justice Movement, provides a narrow range of individualized advice

about debt-collection lawsuits to people in need. J.A. 178–80. The district court below held that it would violate the First Amendment for New York to enforce its prohibition on the unauthorized practice of law against the American Justice Movement, J.A. 207–08, and therefore only the American Justice Movement is relevant to this appeal. The fact that Movant dislikes Upsolve's bankruptcy software is beside the point.

That said, Movant's complaints about Upsolve's bankruptcy services are also incorrect. The motion suggests that the Movant was prejudiced because he used Upsolve's software to file a Chapter 7 bankruptcy even though he is a United States citizen domiciled abroad and thus ineligible for Chapter 7 bankruptcy. Doc. 85 ¶ 7. This assertion is not credible for at least two reasons.

For one, Upsolve's software repeatedly informs users that it is not available for use by people who live outside the United States. *See, e.g.*, Nic Ruiz, *I do not live in the United States at the moment. Can I use Upsolve?*, https://help.upsolve.org/hc/en-us/articles/360043127513 (last visited Nov. 23, 2022) (answering that question in the negative). The only way for someone who lives outside the United States to use Upsolve's

software is to ignore these warnings and falsely claim that they do not live abroad.

And a cursory review of the filings in Movant's ongoing bankruptcy proceeding (during which he has intermittently been represented by counsel) suggest that Movant did just that. Movant initially sought to dismiss his Chapter 7 proceeding because it was filed in the wrong venue—but not because he lived abroad. Instead, (Movant then claimed to the court) venue was improper because he lived in Manhattan rather than Queens. *See* Motion to Dismiss Case, *In re Andrew John Delaney*, Case No. 1-20-44372-jmm (Bankr. E.D.N.Y. March 12, 2021), ECF 16. In response to that motion, the bankruptcy trustee opined that Movant, "an attorney who [had] practiced law for at least 25 years," was more sophisticated than he pretended to be. Objection to Debtor's Motion to Dismiss at 4, *In re Andrew John Delaney*, Case No. 1-20-44372-jmm (Bankr. E.D.N.Y. March 26, 2021), ECF 22. In the trustee's view, Movant sought to dismiss the bankruptcy only after the trustee discovered that Movant was currently party to several different lawsuits, as both a plaintiff and a defendant, as well as discovering multiple "distinct real property ownership records associated with" Movant as well as "twenty-

seven (27) distinct addresses associated with" Movant. *Id.* at 2–3. In the trustee's view, all of this was evidence that Movant had "attempted to hide his assets and obtain a discharge of his debts." *Id.* at 7.

In short, Movant's problems do not appear to flow from any real or perceived flaw in Upsolve's bankruptcy software. They instead seem to result from multiple inconsistent factual assertions Movant made to Upsolve and to a variety of federal courts. The problem lies not in the software Movant used, but instead in the fact that, in the words of the Southern District of Florida in a different lawsuit where Movant is a plaintiff, he "misrepresented his domicile to multiple courts within and outside of this District as well as the Eleventh Circuit." Report and Recommendations at 5, *Beres v. Daily Journal Corp.*, No. 22-cv-60123-WPD (S.D. Fla. November 7, 2022), ECF 58. None of these misrepresentations were caused by Upsolve, and none of them has anything to do with this appeal. The motion to intervene should therefore be denied.

Dated: November 23, 2022                   Respectfully submitted,

                                           /s/ Gregory Silbert
                                           Gregory Silbert
                                           Robert B. Niles-Weed

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Phone: (212) 310-8000
Email: gregory.silbert@weil.com;
robert.niles-weed@weil.com

Zachary D. Tripp
Weil, Gotshal & Manges LLP
2001 M Street, NW
Washington, DC 20036
Phone: (202) 682-7000
Email: zack.tripp@weil.com

*Counsel for Plaintiffs-Appellee*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it was prepared using Microsoft Word 360, produced in 14-point Times New Roman font, and contains 893 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

/s/ Gregory Silbert
Gregory Silbert

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2022, I caused this *Response to Motion to Intervene on Appeal* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all parties whose counsel are registered CM/ECF users.

/s/ Gregory Silbert
Gregory Silbert