

INSTITUTE FOR JUSTICE

March 27, 2023

<u>Via CM/ECF</u>
Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    RE:    *Upsolve, Inc., et al.*, v. *James*
            Case No. 22-1345-cv
            28(j) Letter

Dear Ms. Wolfe:

      Pursuant to Federal Rule of Appellate Procedure 28(j), I write to draw the Court's attention to a recent Fourth Circuit decision, *People for the Ethical Treatment of Animals, Inc. [PETA] v. North Carolina Farm Bureau Federation, Inc.*, No. 20-1776 (mandate issued Mar. 17, 2023), attached.

      In that case, PETA challenged a law that prevented it from "conduct[ing] undercover animal-cruelty investigations and publiciz[ing] what they uncover." Slip op. at 5, 9. North Carolina argued that the challenged law was not subject to First Amendment scrutiny because it only prevented PETA from "creating" information, not "disseminating" it. *Id.* at 21–22, 24–25. But the Fourth Circuit rejected that argument, explaining that the First Amendment protects both and that prohibitions on creating information are therefore subject to First Amendment scrutiny just like direct prohibitions on communicating. *Id.* at 22–23 (collecting cases).

      That holding is directly relevant here. According to New York, its unauthorized-practice statute is not triggered by communicating a message but only by the conduct of "formulat[ing]" or "generating legal counsel." Appellant Br. 42, 52. This is wrong—New York's law is triggered by communicating legal advice, not by *thinking of* legal advice. Appellee Br. 34–42. But even if New York's characterization of its law were correct, it would make no difference. As *PETA* and the cases it relies upon confirm, the

March 27, 2023
Hon. Catherine O'Hagan Wolfe
Clerk of Court
Page 2

government may not escape constitutional scrutiny by characterizing a law as a ban on *creating* protected speech instead of *communicating* that speech.

I thank the Court for its attention.

Sincerely,

/s/ Robert J. McNamara
Robert J. McNamara
Brian Morris
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
(703) 682-9320

*Attorneys for Plaintiffs-Appellees*

cc: All Counsel (via ECF/CM)

### CERTIFICATE OF COMPLIANCE

This letter brief complies with the type-volume limitation of Fed. R. App. P. 28(j) as it contains 252 words.

Dated: March 27, 2023          /s/ Robert J. McNamara
                                            Robert J. McNamara

                                            *Counsel for Plaintiffs-Appellees*