

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

April 3, 2023

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

I write in response to plaintiffs' letter (ECF 172) concerning *People for the Ethical Treatment of Animals, Inc. v. North Carolina Farm Bureau Federation, Inc.*, 60 F.4th 815 (4th Cir. 2023) (*PETA*).

Contrary to plaintiffs' contention, *PETA* did not hold that the First Amendment shields from regulation every act that creates speech. *PETA* concerned a statute that prohibited journalistic fact-gathering (undercover investigation of one's employer) and blocked disfavored speech (criticism of the employer). Op. 5-8, 21-26. The court relied on decisions addressing other prohibitions on fact-gathering, producing political speech, and making art. Op. 22-23.

*PETA* and the cases it cites do not cast doubt on the State's ability to impose public-protective licensing requirements on the conduct of professions that require special training, expertise, and professional competence, such as law, medicine, mental-health counseling, and teaching—"even though that conduct incidentally involves speech,"

*NIFLA v. Becerra*, 138 S. Ct. 2361, 2372-73 (2018). The State "bears a special responsibility for maintaining standards among members of the licensed professions," *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 460 (1978), and exercises especially "broad power to establish standards for licensing practitioners and regulating the practice" of law, *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975). The licensed professions may generate speech that is protected from (for example) viewpoint discrimination, but that does not preclude the State from ensuring the competence of persons engaged in those professions.

Plaintiffs are thus wrong to assert that the State is seeking to "escape constitutional scrutiny." To the contrary, the State has acknowledged that the unauthorized-practice statutes implicate the First Amendment—but has shown that *strict scrutiny* does not apply, because the statutes regulate nonspeech professional conduct (the practice of law), and have only incidental and content-neutral effects on plaintiffs' speech. State Br. 36-56; Reply 6-24. Moreover, the statutes satisfy any constitutional test, particularly as applied to plaintiffs' proposal to have unlicensed nonlawyers render litigation advice to vulnerable clients based on manifestly inadequate training materials. State Br. 56-69; Reply 25-33.

                                              Respectfully submitted,

                                              <u>/s/ Cleland B. Welton II</u>

                                              Cleland B. Welton II
                                              Assistant Solicitor General

Cc: All Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 333 words.

/s/ Cleland B. Welton II
Cleland B. Welton II
