# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1345

**Caption [use short title]**

**Motion for:** ERWIN ROSENBERG'S THIRD MOTION TO INTERVENE ON APPEAL (NOW SEEKING A DECLARATORY JUDGMENT AS TO THE DORMANT COMMERCE CLAUSE)

Set forth below precise, complete statement of relief sought:

To declare and enjoin the New York lawyer licensing scheme on the basis that it violates the U.S. Constitution's Doramnt Commerce Clause.

**UPSOLVE, INC. v. JAMES**

**MOVING PARTY:** Erwin Rosenberg, non-party
**OPPOSING PARTY:** Appellant and Appellee

☐ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Erwin Rosenberg, pro se
**OPPOSING ATTORNEY:** Mr. C. Welton and Mr. R. McNamara

[name of attorney, with firm, address, phone number and e-mail]

Erwin Rosenberg, pro se
1000 Island Blvd. 1011
Aventura, Florida 33160

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

Is oral argument on motion requested?    ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes  ☑ No  If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?    ☐ Yes  ☐ No
Has this relief been previously sought in this court?    ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**

Erwin Rosenberg, pro se    **Date:** April 27, 2023    **Service by:** ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/

## ERWIN ROSENBERG'S THIRD MOTION TO INTERVENE ON APPEAL (NOW SEEKING A DECLARATORY JUDGMENT AS TO THE DORMANT COMMERCE CLAUSE)

a, Introduction

Erwin Rosenberg, a person who has practiced law and would like to continue to do so but has received a disbarment in Florida and as a consequence reciprocal disbarments from New York and Masssachusetts,

Erwin Rosenberg claims an interest in this Court determining that in fact the New York lawyer licensing scheme is unconstitutional but not only as to the limited holding by the the District Court, but also based on the U.S. Constitution's Dormant Commerce Clause. The New York lawyer licensing scheme infringes on the right to practice law in a free market protected by the U.S. Constitution's Dormant Commerce Clause.

This Court should apply Rule 24's policy that the greater the interest of the movant, the more likely the motion should be granted. See Cameron v. EMW Women's Surgical

1

Center, PSC, 142 S. Ct. 1002, 1010 (2022)("Thus we have considered the "policies underlying intervention" in the district courts, Automobile Workers v. Scofield, 382 U.S. 205, 217, n. 10, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), including the legal "interest" that a party seeks to "protect" through intervention on appeal. Fed. Rule Civ. Proc. 24(a)(2)."),

b. The New York Lawyer Licensing Scheme Violates the Dormant Commmerce Clause Because the Burden Imposed on Commerce is Clearly Excessive in Relation to the Putative Local Benefits Particularly Since the Local Interests Involved Could Be Promoted As Well with a Lesser Impact on Interstate Activities

The New York lawyer licensing scheme violates the Dormant Commerce Clause because the burden imposed on commerce is clearly excessive in relation to the putative local benefits particularly since the local interests involved could be promoted as well with lesser impact on interstate activities. See Pike v. Bruce Church, Inc., 397 US 137, 142 (1970)("Although the criteria for determining the validity of state statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. Huron Cement Co. v. Detroit, 362 U. S. 440, 443. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.").

The regulation of the practice of law prioritizes ethics over competition and because of *Parker* immunity the Sherman Act is a weak tool to ensure competition in the legal services marker.  See <u>Goldfarb v. Virginia State Bar</u>, 421 US 773, 792-793 (1975)("We also recognize that in some instances the State may decide that 'forms of competition usual in the business world may be demoralizing to the ethical standards of a profession.' <u>United States v. Oregon State Medical Society</u>, 343 U. S. 326, 336 (1952). . . .  In holding that certain anticompetitive conduct by lawyers is within the reach of the Sherman Act we intend no diminution of the authority of the State to regulate its professions."  See also <u>Hoover v. Ronwin</u>, 466 US 558, 575 n. 26 (1984)("The authority of the Arizona Supreme Court to determine who shall be admitted to the Bar, and by what procedure, is even more clearly defined than the role of that court in *Bates*. In that case, State Bar Committee members were not appointed by the court, and the court did not expressly accept or reject each of the Committee's actions.").  New York can promote its local interests of ethics and professionalism and the interests in seeing that persons who provide legal services have the educational capacity to do so as well with a lesser impact on interstate activities by, for example, posting on a website ratings and news about legal services practioners as to their ethics, professionalism and educational background.  Furthermore, in general, the civil and criminal laws also restrain any wrongful behavior by any legal service market participants that may legitimately be restrained.   Even education ability can be compelled to a legal services provider by the explicit or implicit promise in a contract or by a duty of care to provide approrpiate legal services to a person purchasing such service.  Presumably thats the way things worked before the States began to mandate specific educational requirements and Bar examination passage requirements.

c. Conclusion

Wherefore Erwin Rosenberg moves to intervene and moves for a declaration and injunction that the New York lawyer licensing scheme violates the U.S. Constitution's Dormant Commerce Clause.

CERTIFICATE OF SERVICE

I certify that on April 27, 2023 I served the parties by filing this document via CM/ECF.

Respectfully Submitted,

*/s//* Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com