

INSTITUTE FOR JUSTICE

May 9, 2023

**Via CM/ECF**
Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    RE:    *Upsolve, Inc. v. James*, No. 22-1345
             Response to the State's 28(j) Letter

Dear Ms. Wolfe:

    I write in response to the State's recent 28(j) letter, which contends that the outcome of this case should be controlled by *Brokamp v. James*, No. 21-3050 (2d Cir. Apr. 27, 2023). The State is wrong.

    To begin, *Brokamp* says nothing about the central dispute in this case: whether the First Amendment applies at all. *Compare* slip op. at 22 (assuming that challenged law is a restriction on speech), *with* Appellant's Br. 36-56, *and* Appellees' Br. 28-48. Instead, *Brokamp* focused its First Amendment analysis on resolving whether New York's licensing requirements for licensed professional counselors (as applied to a counselor licensed in a different state) are content-neutral and subject only to intermediate scrutiny. Slip op. at 23.

    That conclusion also has little bearing here because the parties effectively agree that the same outcome should flow from either strict or intermediate scrutiny. *See, e.g.*, Appellees' Br. 48-49 & n.12 (noting that the State cannot carry its burden under either standard); Appellant's Reply Br. 33 n.13 (suggesting that "[i]f this Court determines that intermediate or strict scrutiny applies, it should vacate the injunction and remand" to give the State a second chance at developing a record that meets either standard).

    And to the extent the level of scrutiny matters here, *Brokamp* is not analogous. It holds that the counseling law is content-neutral because it forbids any conversation with a "therapeutic purpose" and thus applies irrespective of content, forbidding these conversations whether they are about "sports" or "professional anxieties." Slip. Op. 30. But the State does not

May 9, 2023
Hon. Catherine O'Hagan Wolf
Clerk of Court
Page 2 of 2

explain how (and cannot seriously contend that) someone might violate the prohibition on *giving legal advice* by having a conversation about sports. Moreover, the tailoring analysis for the two laws would be wildly different. *Brokamp* goes to great lengths to argue that the licensing requirements for counselors (1) limit only a small amount of speech and (2) do not impose a serious burden on even that speech. Slip op. 37-40. That analysis is inapplicable here, where any legal advice from a nonlawyer is a felony.

  I thank the Court for its attention.

                Sincerely,

                /s/ Robert J. McNamara
                Robert J. McNamara
                Brian A. Morris
                INSTITUTE FOR JUSTICE
                901 North Glebe Road, Suite 900
                Arlington, Virginia  22203
                (703) 682-9320
                rmcnamara@ij.org
                bmorris@ij.org

                *Counsel for Plaintiffs-Appellees*

cc:  All Counsel (via ECF/CM)

## CERTIFICATE OF COMPLIANCE

  This letter brief complies with the type-volume limitation of Fed. R. App. P. 28(j) as it contains 346 words.

Dated: May 9, 2023          /s/ Robert J. McNamara
                      Robert J. McNamara

                      *Counsel for Plaintiffs-Appellees*