**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** Case 22-1345

**Caption [use short title]**

**Motion for:** ERWIN ROSENBERG'S SECOND AMENDED THIRD MOTION FOR PERMISSIVE INTERVENTION

Upsolve, Inc. v. James

Set forth below precise, complete statement of relief sought:

To grant this motion for permissive intervention, to affirm the district court and to remand the Intervenor Complaint for further proceeding by the district court.

**MOVING PARTY:** Erwin Rosenberg pro se
☐ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☐ Appellee/Respondent

**OPPOSING PARTY:** Mr. Welton and Mr. McNamara

**MOVING ATTORNEY:** Erwin Rosenberg pro se
**OPPOSING ATTORNEY:** Appellant and Appellee
[name of attorney, with firm, address, phone number and e-mail]

1000 West Island Blvd 1011
Aventura, FL 33160
305-742-7065 ERWINROSENBERG@GMAIL.COM

Court-Judge/Agency appealed from:

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this Court?    ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?    ☐ Yes ☑ No    (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No    If yes, enter date:

**Signature of Moving Attorney:**
Erwin Rosenberg    **Date:** 7-5-23    **Service by:** ☐ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case 22-1345

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/

## ERWIN ROSENBERG'S SECOND AMENDED THIRD MOTION FOR PERMISSIVE INTERVENTION

This Court has been considering an appeal from an interlocutory order granting a non-profit's plan to give legal advice to needy debtors on the basis of the First Amendment against New York's lawyer licensing scheme. On June 30, 2023 the U.S. Supreme Court issued a decision in *303 Creative LLC v. Elenis*, 600 U.S. ___ (2023). The Court held that a Colorado public accommodations anti-discrimination law which would regulate wedding web designer work violated the First Amendment. The Court noted that the parties stipulated that the web design work was pure speech and rejected the Dissent's contention that the regulation was merely a regulation on conduct with an incidental effect on speech even though the speech was via a corporation and for profit..

Although Erwin Rosenberg has not convinced the lower court or this Court to allow him to make a First Amendment intervenor claim; perhaps with this new U.S. Supreme Court precent this Court will find it proper to consider a First Amendment-based intervention

1

by Erwin Rosenberg.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see <u>Automobile Workers</u>, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " <u>Cameron v. EMW Women's Surgical Center, PSC</u>, 142 S. Ct. 1002, 1011-1012 (2022).

Wherefore Erwin Rosenberg moves for permissive intervention in accordance with the proposed Intervenor Complaint below and that this Court should affirm the district court and remand for consideration of the Intervenor Complaint.

**PROPOSED INTERVENOR COMPLAINT**

<u>COUNT 1: CLAIM PURSUANT TO TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA), 104 Stat. 337, 42 U. S. C. §§ 12131-12165 FOR COMPENSATORY AND DECLARATORY AND INJUNCTIVE RELIEF</u>

1.This Court has jurisdiction as the claims present a federal question.

2.The Supreme Court of Florida suspended Erwin Rosenberg ("Rosenberg") from practicing law on the basis of a case-made rule that says that a person should not be allowed to practice law if he has a mental problem that appears to interfere with his or her ability to objectively evaluate facts, precedents and court orders.  See <u>The Florida Bar v. Rosenberg</u>, 169 So. 3d 1155, 1159 (Fla. 2015)("Additionally, the referee recommends that Rosenberg not be reinstated to practice until he can demonstrate rehabilitation by addressing "whatever underlying psychological or emotional issues may exist which

2

appear to interfere with his ability to objectively evaluate facts, precedents, and court orders," and until he has paid the sanctions imposed in Judge Gerber's September 2007 order.").

3. The Supreme Court of Florida apparently acknowledged that Rosenberg has the essential ability to practice law. See <u>The Florida Bar v. Rosenberg</u>, 169 So.3d at at 1159 quoting judge Gerber " This Court finds Mr. Rosenberg to be an intelligent person, and this Court does not believe that the gravity of his repeated misconduct can be accepted as merely an error in judgment or ignorance of the rules."

4. Building on that suspension, the Supreme Court of Florida disbarred Rosenberg, permanently disbarred Rosenberg and entered an order prohibiting Rosenberg from filing pro se in the Supreme Court of Florida, at least in the last disciplinary case.\

5. Building on that, a reciprocal disbarment was ordered in New York (<u>Matter of Rosenberg</u>, 202 AD 3d 1271, 161 NYS 3d 520, (3rd Appellate Div 2022) and in Masssachusetts (<u>In the Matter of Rosenberg</u>, 491 Mass. 1027 (Mass. 2023) in violation of the First Amendment.

6, The disciplinary investigations constituted an infringement of Erwin Rosenberg's First Amendment right to enage in the professional speech of lawyering without interference by a State.

7. The burden imposed on the First Amendment by the lawyer licensing scheme has a chilling effect.

8. New York's interest in the licensing of legal services market participants is not important; laws, rules and cases are readily found online, zoom is used in New York by Courts especially since the Covid pandemic, and e-filing is common.

3

9.  New York can promote its local interests of ethics, professionalism and capacity as well without a material impact on free speech by, for example, posting on a website ratings and news about legal services practioners as to their ethics, professionalism and educational background.

10. Furthermore, in general, the civil and criminal laws already restrain any material wrongful behavior by any legal service market participants; a legal services provider who is negligent (whether by not paying attention or by not acquiering sufficient education or experience prior to performing work for a client) can be sued for negligence or for breach of contract.

11. Defendant caused damages to Rosenberg by its disciplinary enforcement against Rosenberg interfering with his right to engage in speech free of States' interference.

12. Title II of the Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat. 337, 42 U. S. C. §§ 12131-12165, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." § 12132.

13. Rosenberg is a qualified individual with a perceived disability based on the language in the Supreme Court of Florida's suspension order, and was by reason of such disability, excluded by Defendant from participation in or was denied the benefits of the services, programs or activities of New York, or was subjected to discrimination by New York.

18. Wherefore Erwin Rosenberg sues Defendant under Title II of the Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat. 337, 42 U. S. C. §§ 12131-12165 and

seeks compensatory damages and declaratory and injunctive relief.

CERTIFICATE OF SERVICE

I hereby certify I served a copy hereof by filing with the CM/ECF system on July 5, 2023.

Respectfully Submitted,

<u>/s// Erwin Rosenberg</u>
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com