**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22-1345     Caption [use short title]

Motion for: THIRD AMENDED

THIRD MOTION FOR

PERMISSIVE INTERVENTION

UPSOLVE v. JAMES

Set forth below precise, complete statement of relief sought:

for this Court to allow Rosenberg

to intervene and take note of

303 Creative LLC v. Elenis, 600 U.S. 570 (2023)

and consider the proposed complaint

and deem it filed and reverse the district court

and remand for further proceedings.

MOVING PARTY: ERWIN ROSENBERG (PRO SE)    OPPOSING PARTY: Appellant and Appellee

- ☐ Plaintiff
- ☐ Defendant
- ☐ Appellant/Petitioner
- ☐ Appellee/Respondent

MOVING ATTORNEY: Erwin Rosenberg (pro se)    OPPOSING ATTORNEY: Mr. Welton and Mr. McNamara

[name of attorney, with firm, address, phone number and e-mail]

Erwin Rosenberg (pro se)

1000 West Island Blvd. 1011

aventura, Florida 33160    305-742-7065 erwinrosenberg@gmail.com

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- ☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
- ☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
- ☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:

s., Erwin Rosenberg Date: November 2, 2023 Service : ☑ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case 22-1345

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/

## ERWIN ROSENBERG'S THIRD AMENDED THIRD MOTION FOR PERMISSIVE INTERVENTION

This Court has been considering an appeal from an interlocutory order granting a non-profit's plan to give legal advice to needy debtors on the basis of the First Amendment against New York's lawyer licensing scheme.  On June 30, 2023 the U.S. Supreme Court issued a decision in *303 Creative LLC v. Elenis*, 600 U.S. ___ (2023).  The Court held that a Colorado public accommodations anti-discrimination law which would regulate wedding web designer work violated the First Amendment.   The Court noted that the parties stipulated that the web design work was pure speech and rejected the Dissent's contention that the regulation was merely a regulation on conduct with an incidental effect on speech even though the speech was via a corporation and for profit..

Although Erwin Rosenberg has not convinced the lower court or this Court to allow him to make a First Amendment intervenor claim; perhaps with this new U.S. Supreme Court precent this Court will find it proper to consider a First Amendment-based intervention

1

by Erwin Rosenberg.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see _Automobile Workers_, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). "  Cameron v. EMW Women's Surgical Center, PSC, 142 S. Ct. 1002, 1011-1012 (2022).

Wherefore Erwin Rosenberg moves for permissive intervention in accordance with the proposed Intervenor Complaint below and that this Court should affirm the district court and remand for consideration of the Intervenor Complaint.

## PROPOSED INTERVENOR COMPLAINT

ALLEGATIONS:

1.      This Court has jurisdiction as the claims present a federal question.

2.      The Supreme Court of Florida suspended Erwin Rosenberg ("Rosenberg") from practicing law on the basis of a case-made rule that says that a person should not be allowed to practice law if he has a mental problem that appears to interfere with his or her ability to objectively evaluate facts, precedents and court orders.  See The Florida Bar v. Rosenberg, 169 So. 3d 1155, 1159 (Fla. 2015)("Additionally, the referee recommends that Rosenberg not be reinstated to practice until he can demonstrate rehabilitation by addressing "whatever underlying psychological or emotional issues may exist which appear to interfere with his ability to objectively evaluate facts, precedents, and court

2

orders," and until he has paid the sanctions imposed in Judge Gerber's September 2007 order.").

3.      The Supreme Court of Florida apparently acknowledged that Rosenberg has the essential ability to practice law.  See The Florida Bar v. Rosenberg, 169 So.3d at at 1159 quoting judge Gerber " This Court finds Mr. Rosenberg to be an intelligent person, and this Court does not believe that the gravity of his repeated misconduct can be accepted as merely an error in judgment or ignorance of the rules."

4.      Building on that suspension, the Supreme Court of Florida disbarred Rosenberg, permanently disbarred Rosenberg and entered an order prohibiting Rosenberg from filing pro se in the Supreme Court of Florida, at least in the last disciplinary case.\

5.      Building on that, a reciprocal disbarment was ordered in New York (Matter of Rosenberg, 202 AD 3d 1271, 161 NYS 3d 520, (3rd Appellate Div 2022) and in Masssachusetts (In the Matter of Rosenberg, 491 Mass. 1027 (Mass. 2023) in violation of the First Amendment.

6,      The disciplinary investigations constituted an infringement of Erwin Rosenberg's First Amendment right to enage in the professional speech of lawyering without interference by a State.

7.      The burden imposed on the First Amendment by the lawyer licensing scheme has a chilling effect.

8.      New York's interest in the licensing of legal services market participants is not important; laws, rules and cases are readily found online, zoom is used in New York by Courts especially since the Covid pandemic, and e-filing is common.

9.      New York can promote its local interests of ethics, professionalism and capacity

as well without a material impact on free speech by, for example, posting on a website ratings and news about legal services practioners as to their ethics, professionalism and educational background.

10.     Furthermore, in general, the civil and criminal laws already restrain any material wrongful behavior by any legal service market participants; a legal services provider who is negligent (whether by not paying attention or by not acquiering sufficient education or experience prior to performing work for a client) can be sued for negligence or for breach of contract.

11.     Defendant caused damages to Rosenberg by its disciplinary enforcement against Rosenberg interfering with his right to engage in speech free of States' interference.

12.     On November 2, 2023 New York denied Rosenberg's claim pursuant to the U.S. Constitution's First Amendment.  See Exhibit "A".


## COUNT 1: CLAIM PURSUANT TO EX PARTE YOUNG FOR DECLARATORY AND INJUNCTIVE RELIEF

13.     Paragraphs 1-12 are re-alleged.

14.     New York is engaging in a continuous deprivation of Rosenberg's rights to free speech, petition and assembly under the U.S. Constitution's First Amendment.

15.     Rosenberg is suffering a loss of his First Amendment rights which are also a loss to his potential clients and the public.

16.     Wherefore Rosenberg sues Defendant under *Ex Parte Young* for declaratory and injunctive relief.

COUNT 2: CLAIM PURSUANT TO TITLE II OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (ADA), 104 Stat. 337, 42 U. S. C. §§ 12131-12165
FOR COMPENSATORY AND DECLARATORY AND INJUNCTIVE RELIEF

17.     Paragraphs 1-12 are re-alleged.

18.     Title II of the Americans with Disabilities Act of 1990 (ADA or Act), 104 Stat.

337, 42 U. S. C. §§ 12131-12165, provides that "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs or activities of a public entity, or be subjected to

discrimination by any such entity." § 12132.

19.     Rosenberg is a qualified individual with a perceived disability based on the

language in the Supreme Court of Florida's suspension order, and was by reason of such

disability, excluded by Defendant from participation in or was denied the benefits of the

services, programs or activities of New York, or was subjected to discrimination by New

York.

20.     Wherefore Erwin Rosenberg sues Defendant under Title II of the Americans with

Disabilities Act of 1990 (ADA or Act), 104 Stat. 337, 42 U. S. C. §§ 12131-12165 and

seeks compensatory damages and declaratory and injunctive relief.


CERTIFICATE OF SERVICE

I hereby certify I served a copy hereof by filing with the CM/ECF system on November 2,
2023.


Respectfully Submitted,


/s// Erwin Rosenberg
Erwin Rosenberg

5

1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

EXHIBIT "A"

STATE OF NEW YORK       SUPREME COURT
APPELLATE DIVISION     THIRD JUDICIAL DEPARTMENT

---

In the Matter of **ERWIN ROSENBERG**,
a Disbarred Attorney.

**ATTORNEY GRIEVANCE COMMITTEE**,
**FOR THE THIRD JUDICIAL DEPARTMENT**,
                 Petitioner,

                                        **NOTICE OF ENTRY**

        and

**ERWIN ROSENBERG**,
(Attorney Registration No. 2898625),
                 Respondent.

---

       **PLEASE TAKE NOTICE**, that the annexed is a copy of a Memorandum and Order on

Motion decided and entered in the office of the Clerk of the Supreme Court of the State of New

York, Appellate Division, Third Judicial Department, on November 2, 2023.

Dated: November 2, 2023

*[signature]*

**Michael K. Creaser, Principal Attorney**
Attorney Grievance Committee
Third Judicial Department
286 Washington Avenue Ext., Suite 200
Albany, New York 12203
(518) 285-8350

To:      Erwin Rosenberg
          1000 West Island Blvd., Apt. 1011
          Aventura, FL 33160
          (VIA First-Class Mail and EMail at: erwinrosenberg@gmail.com)

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 2, 2023                    PM-253-23

_____

In the Matter of ERWIN ROSENBERG,
    a Disbarred Attorney.            MEMORANDUM AND ORDER
                                       ON MOTION

(Attorney Registration No. 2898625)

_____

Calendar Date:  October 10, 2023

Before:  Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

_____

*Monica A. Duffy*, *Attorney Grievance Committee for the Third Judicial Department*, Albany (*Michael K. Creaser* of counsel), for Attorney Grievance Committee for the Third Judicial Department.

*Erwin Rosenberg*, Aventura, Florida, respondent pro se.

_____

Per Curiam.

       Respondent was admitted to practice by this Court in 1998, following his admission in Massachusetts in 1997. He has also been admitted to practice in Florida. Respondent most recently listed a Florida business address with the Office of Court Administration but, in May 2015, respondent was suspended for a one-year term by order of the Supreme Court of Florida based upon sustained allegations that he had flouted judicial orders and failed to comply with discovery demands as counsel for certain defendants in a Florida civil matter. Shortly thereafter, Florida disciplinary authorities sought to hold respondent in contempt based upon his continued representation of clients while suspended and, upon respondent's default, the Supreme Court of Florida disbarred him by April 2016 order. When respondent nonetheless continued to practice law, the Supreme Court of Florida permanently disbarred him by September 2017 order. Subsequently, upon AGC's motion, this Court disbarred respondent by February 10, 2022

-2-                          PM-253-23

order as a consequence of his Florida misconduct (202 AD3d 1271 [3d Dept 2022], *appeal dismissed* 39 NY3d 1177 [2023]). This Court subsequently denied respondent's motion for reconsideration by August 2022 order. Citing recent precedent from the Supreme Court of the United States, respondent now moves to vacate this Court's order of disbarment. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in opposition and also cross-moves to enjoin respondent from filing new motions or applications without first obtaining leave of this Court. Respondent was heard in reply and opposes the cross-motion. Respondent has further twice supplemented his motion and AGC has been heard in reply.[1]

Respondent's initial motion papers seek to vacate his disbarment based on his belief that the order is a content-based restriction on speech in violation of the First Amendment. Specifically, respondent points to the Supreme Court of the United States' recent decision *303 Creative LLC v Elenis* (___ US ___, 143 S Ct 2298 [2023]), in which the Court, as respondent described, "explained the very limited applicability of allowing a speech restriction on the basis that the State law regulates conduct and only incidentally restricts speech." Respondent purports to parallel this Court's authority to regulate the practice of law to the Supreme Court of the United States' discussion of free speech as it related to a wedding website owner's desire to exclude her services from same-sex couples.

In respondent's supplemental motion papers, he puts forth alternative grounds for this Court to vacate his disbarment. Specifically, respondent alleges that there is a "controverted issue of misconduct" based on evidence "indicat[ing] that [the Florida Supreme Court] had a personal bias or prejudice concerning [respondent] and his clients." He notes that such Court found that he acted in bad faith and that the Court "publicly threatened [him] with arrest if [he] would not appear at his scheduled show cause hearing," and argues that such "threat" was evidence of the Court's bias and that the resulting disciplinary orders were the "fruit of the poisonous tree" flowing from the Court's bias.

---

[1] Respondent has steadfastly refused to submit the required motion fee to this Court in conjunction with any of his multiple filings (*see* Rules of App Div, All Depts [22 NYCRR] § 1250.17 [a] [2]). Although this failure provides us with a basis to dismiss respondent's motion, we have exercised our discretion to excuse the motion fee in this instance so as to reach the merits of respondent's claims.

-3-                              PM-253-23

In response, AGC details respondent's previous motion for reconsideration wherein he made a similar argument that this Court's disbarment order is a prior restraint on speech and in violation of his constitutional right to free speech. In response to respondent's supplemental motion papers, AGC argues that this Court has previously addressed the merits of respondent's Florida disbarment order and determined that "there was ample proof of respondent's guilt." Ultimately, AGC notes that respondent's conduct evinces why respondent should be prevented from abusing the legal process and making frivolous motions without first obtaining leave from this Court.

"All attorneys who are licensed to practice law in New York are subject to the Rules of Conduct, which establish a framework for the ethical practice of the law and a lawyer's duties as an officer of the legal system" (*Matter of Giuliani*, 197 AD3d 1, 4 [1st Dept 2021] [citation omitted]; *see* Judiciary Law § 90 [2]). To this end, "[i]t is long recognized that 'speech by an attorney is subject to greater regulation than speech by others' " (*Matter of Giuliani*, 197 AD3d at 7, quoting *Gentile v State Bar of Nev.*, 501 US 1030, 1051 [1991]). Accordingly, "[t]he courts may, in the public interest, prohibit attorneys from practicing law and that prohibition may incidentally affect the attorney's constitutional right to free speech" (*Matter of Rowe*, 80 NY2d 336, 342 [1992]).

Here, respondent has demonstrated nothing to substantiate his claim that his disbarment constitutes a constitutional violation other than broad assertions that the Rules of Professional Responsibility "are used to judge the appropriateness of what lawyers say" and serve as content-based restrictions. This Court and the Supreme Judicial Court of Massachusetts have both previously rejected this argument (202 AD3d at 1273; *Matter of Rosenberg*, 491 Mass 1027, 1028-1029 [2023]). Respondent was disbarred by this Court based on his misconduct in Florida wherein he practiced in "contemptuous defiance of court orders," which led to his eventual disbarment in Florida (202 AD3d at 1273; *see Florida Bar v Rosenberg*, 2017 WL 4233015 [Fla Sup Ct 2017]). Neither respondent's papers nor the record demonstrates how this Court's order prohibiting him from practicing law in New York constitutes a First Amendment violation and, thus, we find that respondent's motion should be denied.

Similarly, as noted by AGC, we find that respondent's supplemental motion papers raise no meritorious issues. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5) dictates that an *interim suspension* may be based upon a finding of "uncontroverted evidence of professional misconduct." However, as relevant here, a respondent may assert an affirmative defense in a section 1240.13 proceeding based upon (1) procedural infirmities in the foreign jurisdiction, (2) infirmity of proof establishing

-4-                                      PM-253-23

the misconduct or (3) conduct not constituting misconduct in New York (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1] - [3]). Respondent has failed to provide same and, as this Court has previously held, "[c]ontrary to respondent's arguments, there is nothing in the record before [the Court] that would give rise to a conclusion that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the findings in Florida as to respondent's misconduct" (202 AD3d at 1273 [internal quotation marks and citation omitted]). As we have previously held, respondent's "assertions are disjointed and unsupported by the documentation in the record and, thus, do not 'create a controverted issue of misconduct' " (202 AD3d at 1273 quoting *Matter of Giuliani*, 197 AD3d at 9).

As to AGC's cross-motion seeking an order enjoining respondent from filing new motions or applications, aside from an application for reinstatement, without prior leave of this Court, we grant such motion. Based on respondent's "ongoing pattern of making endless, vexatious motions, threats to file motions, and other frivolous assertions relating to his disbarment in this State and in other jurisdictions," we find this extraordinary relief warranted (*see Matter of Koziol*, 186 AD3d 1825, 1827 [3d Dept, 2020], *lv dismissed & denied* 37 NY3d 1170 [2022]; *Matter of Marin*, 162 AD3d 1198, 1199 [3d Dept 2018], *appeal & lv dismissed* 32 NY3d 1041 [2018]).

Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.


ORDERED that respondent's motion is denied; and it is further

ORDERED that the cross-motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

-5-                                    PM-253-23

ORDERED that respondent is enjoined from bringing any motion, application or proceeding in this Court, other than an application for reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16, without prior leave of this Court.



ENTER:


Robert D. Mayberger
Clerk of the Court

EXHIBIT "A"

STATE OF NEW YORK          SUPREME COURT
APPELLATE DIVISION         THIRD JUDICIAL DEPARTMENT

_____

In the Matter of **ERWIN ROSENBERG**,
a Disbarred Attorney.

**ATTORNEY GRIEVANCE COMMITTEE**,
**FOR THE THIRD JUDICIAL DEPARTMENT**,
                                Petitioner,

                                                **NOTICE OF ENTRY**

            and

**ERWIN ROSENBERG**,
(Attorney Registration No. 2898625),
                                Respondent.

_____

        **PLEASE TAKE NOTICE**, that the annexed is a copy of a Memorandum and Order on

Motion decided and entered in the office of the Clerk of the Supreme Court of the State of New

York, Appellate Division, Third Judicial Department, on November 2, 2023.

Dated: November 2, 2023

                        **Michael K. Creaser, Principal Attorney**
                        Attorney Grievance Committee
                        Third Judicial Department
                        286 Washington Avenue Ext., Suite 200
                        Albany, New York 12203
                        (518) 285-8350

To:        Erwin Rosenberg
           1000 West Island Blvd., Apt. 1011
           Aventura, FL 33160
           (VIA First-Class Mail and EMail at: erwinrosenberg@gmail.com)

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 2, 2023                                    PM-253-23
_____

In the Matter of ERWIN ROSENBERG,
        a Disbarred Attorney.                          MEMORANDUM AND ORDER
                                                                          ON MOTION
(Attorney Registration No. 2898625)
_____

Calendar Date:  October 10, 2023

Before:  Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

_____

*Monica A. Duffy*, *Attorney Grievance Committee for the Third Judicial
Department*, Albany (*Michael K. Creaser* of counsel), for Attorney Grievance Committee
for the Third Judicial Department.

*Erwin Rosenberg*, Aventura, Florida, respondent pro se.

_____

Per Curiam.

Respondent was admitted to practice by this Court in 1998, following his
admission in Massachusetts in 1997. He has also been admitted to practice in Florida.
Respondent most recently listed a Florida business address with the Office of Court
Administration but, in May 2015, respondent was suspended for a one-year term by order
of the Supreme Court of Florida based upon sustained allegations that he had flouted
judicial orders and failed to comply with discovery demands as counsel for certain
defendants in a Florida civil matter. Shortly thereafter, Florida disciplinary authorities
sought to hold respondent in contempt based upon his continued representation of clients
while suspended and, upon respondent's default, the Supreme Court of Florida disbarred
him by April 2016 order. When respondent nonetheless continued to practice law, the
Supreme Court of Florida permanently disbarred him by September 2017 order.
Subsequently, upon AGC's motion, this Court disbarred respondent by February 10, 2022

-2-                                          PM-253-23

order as a consequence of his Florida misconduct (202 AD3d 1271 [3d Dept 2022],
*appeal dismissed* 39 NY3d 1177 [2023]). This Court subsequently denied respondent's
motion for reconsideration by August 2022 order. Citing recent precedent from the
Supreme Court of the United States, respondent now moves to vacate this Court's order
of disbarment. The Attorney Grievance Committee for the Third Judicial Department
(hereinafter AGC) has been heard in opposition and also cross-moves to enjoin
respondent from filing new motions or applications without first obtaining leave of this
Court. Respondent was heard in reply and opposes the cross-motion. Respondent has
further twice supplemented his motion and AGC has been heard in reply.[1]

     Respondent's initial motion papers seek to vacate his disbarment based on his
belief that the order is a content-based restriction on speech in violation of the First
Amendment. Specifically, respondent points to the Supreme Court of the United States'
recent decision *303 Creative LLC v Elenis* (___ US ___, 143 S Ct 2298 [2023]), in which
the Court, as respondent described, "explained the very limited applicability of allowing a
speech restriction on the basis that the State law regulates conduct and only incidentally
restricts speech." Respondent purports to parallel this Court's authority to regulate the
practice of law to the Supreme Court of the United States' discussion of free speech as it
related to a wedding website owner's desire to exclude her services from same-sex
couples.

     In respondent's supplemental motion papers, he puts forth alternative grounds for
this Court to vacate his disbarment. Specifically, respondent alleges that there is a
"controverted issue of misconduct" based on evidence "indicat[ing] that [the Florida
Supreme Court] had a personal bias or prejudice concerning [respondent] and his clients."
He notes that such Court found that he acted in bad faith and that the Court "publicly
threatened [him] with arrest if [he] would not appear at his scheduled show cause
hearing," and argues that such "threat" was evidence of the Court's bias and that the
resulting disciplinary orders were the "fruit of the poisonous tree" flowing from the
Court's bias.

_____

     [1] Respondent has steadfastly refused to submit the required motion fee to this
Court in conjunction with any of his multiple filings (*see* Rules of App Div, All Depts
[22 NYCRR] § 1250.17 [a] [2]). Although this failure provides us with a basis to dismiss
respondent's motion, we have exercised our discretion to excuse the motion fee in this
instance so as to reach the merits of respondent's claims.

In response, AGC details respondent's previous motion for reconsideration wherein he made a similar argument that this Court's disbarment order is a prior restraint on speech and in violation of his constitutional right to free speech. In response to respondent's supplemental motion papers, AGC argues that this Court has previously addressed the merits of respondent's Florida disbarment order and determined that "there was ample proof of respondent's guilt." Ultimately, AGC notes that respondent's conduct evinces why respondent should be prevented from abusing the legal process and making frivolous motions without first obtaining leave from this Court.

"All attorneys who are licensed to practice law in New York are subject to the Rules of Conduct, which establish a framework for the ethical practice of the law and a lawyer's duties as an officer of the legal system" (*Matter of Giuliani*, 197 AD3d 1, 4 [1st Dept 2021] [citation omitted]; *see* Judiciary Law § 90 [2]). To this end, "[i]t is long recognized that 'speech by an attorney is subject to greater regulation than speech by others' " (*Matter of Giuliani*, 197 AD3d at 7, quoting *Gentile v State Bar of Nev.*, 501 US 1030, 1051 [1991]). Accordingly, "[t]he courts may, in the public interest, prohibit attorneys from practicing law and that prohibition may incidentally affect the attorney's constitutional right to free speech" (*Matter of Rowe*, 80 NY2d 336, 342 [1992]).

Here, respondent has demonstrated nothing to substantiate his claim that his disbarment constitutes a constitutional violation other than broad assertions that the Rules of Professional Responsibility "are used to judge the appropriateness of what lawyers say" and serve as content-based restrictions. This Court and the Supreme Judicial Court of Massachusetts have both previously rejected this argument (202 AD3d at 1273; *Matter of Rosenberg*, 491 Mass 1027, 1028-1029 [2023]). Respondent was disbarred by this Court based on his misconduct in Florida wherein he practiced in "contemptuous defiance of court orders," which led to his eventual disbarment in Florida (202 AD3d at 1273; *see Florida Bar v Rosenberg*, 2017 WL 4233015 [Fla Sup Ct 2017]). Neither respondent's papers nor the record demonstrates how this Court's order prohibiting him from practicing law in New York constitutes a First Amendment violation and, thus, we find that respondent's motion should be denied.

Similarly, as noted by AGC, we find that respondent's supplemental motion papers raise no meritorious issues. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5) dictates that an *interim suspension* may be based upon a finding of "uncontroverted evidence of professional misconduct." However, as relevant here, a respondent may assert an affirmative defense in a section 1240.13 proceeding based upon (1) procedural infirmities in the foreign jurisdiction, (2) infirmity of proof establishing

the misconduct or (3) conduct not constituting misconduct in New York (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1] - [3]). Respondent has failed to provide same and, as this Court has previously held, "[c]ontrary to respondent's arguments, there is nothing in the record before [the Court] that would give rise to a conclusion that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the findings in Florida as to respondent's misconduct" (202 AD3d at 1273 [internal quotation marks and citation omitted]). As we have previously held, respondent's "assertions are disjointed and unsupported by the documentation in the record and, thus, do not 'create a controverted issue of misconduct' " (202 AD3d at 1273 quoting *Matter of Giuliani*, 197 AD3d at 9).

As to AGC's cross-motion seeking an order enjoining respondent from filing new motions or applications, aside from an application for reinstatement, without prior leave of this Court, we grant such motion. Based on respondent's "ongoing pattern of making endless, vexatious motions, threats to file motions, and other frivolous assertions relating to his disbarment in this State and in other jurisdictions," we find this extraordinary relief warranted (*see Matter of Koziol*, 186 AD3d 1825, 1827 [3d Dept, 2020], *lv dismissed & denied* 37 NY3d 1170 [2022]; *Matter of Marin*, 162 AD3d 1198, 1199 [3d Dept 2018], *appeal & lv dismissed* 32 NY3d 1041 [2018]).

Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.

ORDERED that respondent's motion is denied; and it is further

ORDERED that the cross-motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

-5-                                    PM-253-23

ORDERED that respondent is enjoined from bringing any motion, application or proceeding in this Court, other than an application for reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16, without prior leave of this Court.

ENTER:

Robert D. Mayberger
Clerk of the Court