UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** Case 22-1345,  **Caption [use short title]:** UPSOLVE v. JAMES

**Motion for:** PERMISSIVE INTEVENTION (FOURTH)

Set forth below precise, complete statement of relief sought:

TO INTERVENE AND ARGUE THAT THIS COURT SHOULD AFFIRM THE DISTRICT COURT ON THE BASIS THAT THE NY UPL LAWS VIOLATE THE SHERMAN ACT BECAUSE THE NY UPL LAWS DO NOT CLEARLY DEFINE PRACTICE OF LAW AND NY AG IS A MRKT PARTICIPANT NOT SPRVSED BY NON-LAWY[ER]

**MOVING PARTY:** ERWIN ROSENBERG (NON-PARTY)   **OPPOSING PARTY:** APPELLANT AND APPELLEE

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** ERWIN ROSENBERG (PRO SE)   **OPPOSING ATTORNEY:** MR. MCNAMARA AND MR. WELTON
[name of attorney, with firm, address, phone number and e-mail]

1000 WEST ISLAND BLVD. 1011
AVENTURA, FLORIDA 33160
TEL 305-742-7065 erwinrosenberg@gmail.com

**Court- Judge/ Agency appealed from:** the case was appealed by appellant from US. Dist. Court Southern District, Judge Paul A[...]

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☒ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?   ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes  ☒ No  If yes, enter date:_____

**Signature of Moving Attorney:**
Erwin Rosenberg   **Date:** 12-27-2023   **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA

_____/

## ERWIN ROSENBERG'S FOURTH MOTION FOR PERMISSIVE INTERVENTION

This Court is reviewing a district court's preliminary injunction order in favor of Plaintiffs which was decided on the basis of the First Amendment.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see *Automobile Workers*, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a)." *Cameron v. EMW Women's Surgical Center, PSC*, 142 S. Ct. 1002, 1011-1012 (2022).

This Court can affirm the district court's order for any reason supported in the record. See *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018):

> But "[w]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995); accord *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 160 n.6 (2d Cir. 2017).

1

Like Plaintiffs, Rosenberg, is someone who the New York Attorney General considers to be prohibited by New York's UPL laws from practicing law in New York.

The record indicates that New York does not have a clearly articulated policy as to who may practice law because New York does not have a clear definition of "practice of law". See Upsolve, Inc. v. James, 604 F. Supp. 3d 97, 105 (Dist. Court, SD New York 2022):

> "Defining the "practice of law," however, is an elusive endeavor. New York courts have held that one clear category "involves the rendering of legal advice and opinions directed to particular clients." Matter of Rowe, 80 N.Y.2d 336, 341-42, 590 N.Y.S.2d 179, 604 N.E.2d 728 (1992). Others include "appearing in court and holding oneself out to be a lawyer." El Gemayel v. Seaman, 72 N.Y.2d 701, 706, 536 N.Y.S.2d 406, 533 N.E.2d 245 (1988). By contrast, giving generalized advice to the public—where judgment is not exercised on behalf of a particular client—is not considered the practice of law. See Rowe, 80 N.Y.2d at 342, 590 N.Y.S.2d 179, 604 N.E.2d 728; El Gemayel, 72 N.Y.2d at 706, 536 N.Y.S.2d 406, 533 N.E.2d 245."

New York's UPL laws do not comply with the Sherman Act because New York "as sovereign" does not have a "clearly articulated policy" designed to displace competition among lawyers. See Southern Motor Carriers Rate Conferencie, Inc. v. United States, 471 U.S. 48, 61 (1985):

> "Although *Goldfarb* did employ language of compulsion, it is beyond dispute that the Court would have reached the same result had it applied the two-pronged test later set forth in *Midcal*. As stated above, Virginia "as sovereign" did not have a "clearly articulated policy" designed to displace price competition among lawyers."

Furthermore, the enforcers of the UPL laws are market participants acting in a non-legislative capacity without active supervision by non-market participants. To the extent that a state's highest court creates a test formula or decides to admit a person to be a lawyer, that would be a sovereign acting in a legislative capacity. However, judicially disciplining a lawyer with a suspension or disbarment is a non-legislative action and even if it were legislative it would not be a sovereign act if done by an Appellate Division instead of the NY Court of Appeals. See District of Columbia Court of Appeals v. Feldman, 460 US 462 , 482 n.15 (1983)("Last Term we again recognized the judicial nature of state bar disciplinary proceedings in *Middlesex County Ethics Committee v. Garden State Bar Assn.*, 457 U. S. 423 (1982)." See also Hoover v. Ronwin, 466 US 558, 568 (1984)(emphases added)("Applying the *Parker* doctrine in Bates v. State Bar of Arizona, 433 U. S. 350, 360 (1977), the Court held that a state supreme court, **when acting in a legislative capacity**, occupies the same position as that of a state legislature. Therefore, a decision of a state supreme court, **acting legislatively rather than judicially**, is exempt from Sherman Act liability as state action. See also Goldfarb v.

3

Virginia State Bar, 421 U. S. 773, 790 (1975). Closer analysis is required when the activity at issue is not directly that of the legislature or supreme court,[17] but is carried out by others pursuant to state authorization." ). The U.S. Supreme Court has left open the "issue whether the Governor of a State stands in the same position as the state legislature and supreme court for purposes of the state-action doctrine." Hoover v. Ronwin, 466 US 558, 568 n. 17(1984). The NY Attorney General and the judges of the Appellate Divisions are active market participants because they are lawyers involved in the NY legal market earning a salary and despite working in the public, they use their legal license and training and may leave public office and join private practice. Neither the law practice admission or rejection decisions by the NY Attorney General nor the judges of the Appellate Divisions is automatically reviewed by a non-market participant.

See State Bd. of Dental Examiners v. FTC, 574 US 494, 1114 (2015):

> The similarities between agencies controlled by active market participants and private trade associations are not eliminated simply because the former are given a formal designation by the State, vested with a measure of government power, and required to follow some procedural rules. See *Hallie, supra,* at 39, 105 S.Ct. 1713 (rejecting "purely formalistic" analysis). *Parker* immunity does not derive from nomenclature alone. When a State empowers a group of active market participants to decide who can participate in its market, and on what terms, the need for supervision is manifest. See Areeda & Hovencamp ¶ 227, at 226. The Court holds today that a state board on which a controlling number of

4

decisionmakers are active market participants in the occupation the board regulates must satisfy *Midcal*'s active supervision requirement in order to invoke state-action antitrust immunity.

Wherefore Rosenberg moves for permissive intervention.

CERTIFICATE OF SERVICE

I hereby certify I served upon filing ia CM/EWCF on December 27, 2023.

Respectfully Submitted,

/s// Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com