

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

January 23, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

I write in response to plaintiffs' letter (ECF 226) concerning *Richwine v. Matuszak*, 2023 WL 8747471 (N.D. Ind. Dec. 19, 2023), and *Nutt v. Ritter*, 2023 WL 9067799 (E.D.N.C. Dec. 20, 2023). Neither decision supports the injunction in this case.

First, *Richwine* and *Nutt* both involved direct speech regulation. *See Richwine*, 2023 WL 8747471, at *11 ("[d]iscussion of funeral options"; "verbal guidance"); *Nutt*, 2023 WL 9067799, at *12 ("writing expert engineering reports"); *id.* at *14 ("communication of engineering opinions"). In contrast, New York's unauthorized-practice statutes regulate the underlying *conduct* of practicing law. Any effect on resulting speech is merely incidental, and strict scrutiny is therefore inapplicable. State Br. 39-43; Reply 8-17.

Second, *Nutt* is mistaken in suggesting that strict scrutiny applies whenever a licensure requirement concerns professional conduct that may "lead[] to the creation" of speech. *See* 2023 WL 9067799, at *12; Pl.

Ltr. at 1. As the State has explained, the government may regulate professional conduct even though it may incidentally generate speech. *E.g.*, ECF 174.

Third, plaintiffs' cases err in suggesting that strict scrutiny applies whenever a regulation "requires examination of the content of Plaintiffs' messages," *Richwine*, 2023 WL 8747471, at *11; *see Nutt*, 2023 WL 9067799, at *15 (similar). That reasoning ignores and conflicts with the Supreme Court's explanation in *City of Austin v. Reagan National Advertising of Austin, LLC* that "restrictions on speech may require some evaluation of the speech and nonetheless remain content neutral." 596 U.S. 61, 72 (2022). For example, a professional-licensure requirement is content-neutral even though it may require an assessment of whether particular speech falls within the scope of the profession. *See Brokamp v. James*, 66 F.4th 374, 393 (2d Cir. 2023); ECF 186.

Finally, while *Nutt* cited purported differences between the "theory of content discrimination" in *Brokamp* and the *Nutt* plaintiff's theory, 2023 WL 9067799, at *15, no such distinction is present here (*contra* Pl. Ltr. at 2). As in *Brokamp*, the statutes here apply without discrimination to any speech constituting the practice of the profession, "regardless of what is said" between a practitioner and their client. 66 F.4th at 393.

    Respectfully submitted,

    */s/ Cleland B. Welton II*

    Cleland B. Welton II
    Assistant Solicitor General

cc (via CM/ECF): All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II