UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** Case 22-1345,

**Caption [use short title]:** Upsolve, Inc. v. James

**Motion for:** FIFTH MOTION FOR PERMISSIVE INTERVENTION

Set forth below precise, complete statement of relief sought:

To grant Rosenberg's motion to intervene so he can argue that New York's UPL laws are unconstitutional as violative of the 8th Amendment

**MOVING PARTY:** Erwin Rosenberg (pro se)
**OPPOSING PARTY:** Appellant and Appellee

☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Erwin Rosenberg (pro se)
**OPPOSING ATTORNEY:** Mr. McNamara and Mr. Welton
[name of attorney, with firm, address, phone number and e-mail]

1000 West Island Blvd. 1011
Aventura, FL 33160
786-299-2789 erwinrosenberg@gmail.com

**Court- Judge/ Agency appealed from:** US Dist. So. New York, Judge PAUL A. CROTTY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ■ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ✔ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ■ No If yes, enter date:_____

**Signature of Moving Attorney:**
*Erwin Rosenberg*
**Date:** Feb 1, 2024  Service: ■ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/

**ERWIN ROSENBERG'S FIFTH MOTION FOR PERMISSIVE INTERVENTION**

This Court is reviewing a district court's preliminary injunction order in favor of Plaintiffs which was decided on the basis of the First Amendment.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see <u>Automobile Workers</u>, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " <u>Cameron v. EMW Women's Surgical Center, PSC</u>, 142 S. Ct. 1002, 1011-1012 (2022).

This Court can affirm the district court's order for any reason supported in the record. See <u>Wells Fargo Advisors, LLC v. Sappington</u>, 884 F.3d 392, 396 n.2 (2d Cir. 2018):

> But "[w]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." <u>Headley v. Tilghman</u>, 53 F.3d 472, 476 (2d Cir. 1995); accord <u>Brown Media Corp. v. K&L Gates, LLP</u>, 854 F.3d 150, 160 n.6 (2d Cir. 2017).

1

Like Plaintiffs, Rosenberg, is someone who the New York Attorney General considers to be prohibited by New York's UPL laws from practicing law in New York.

The record indicates that New York UPL laws are punish criminally and defining the practice of law is an elusive endeavor. See <u>Upsolve, Inc. v. James</u>, 604 F. Supp. 3d 97, 105 (Dist. Court, SD New York 2022):

> "New York makes it civilly **and criminally punishable** for someone who is not admitted to a State Bar Association to engage in the "unlawful practice of law." See N.Y. Jud. Law §§ 476-a, 478, 484, 485. A court may also hold a non-lawyer who practices law in civil or criminal contempt. See id. §§ 750, 753. The Attorney General is authorized to sue "any person, partnership, corporation, or association" who engages in the unauthorized practice of law. Id. § 476-a.
>
> **Defining the "practice of law," however, is an elusive endeavor.** New York courts have held that one clear category "involves the rendering of legal advice and opinions directed to particular clients." *Matter of Rowe*, 80 N.Y.2d 336, 341-42, 590 N.Y.S.2d 179, 604 N.E.2d 728 (1992). Others include "appearing in court and holding oneself out to be a lawyer." *El Gemayel v. Seaman*, 72 N.Y.2d 701, 706, 536 N.Y.S.2d 406, 533 N.E.2d 245 (1988). By contrast, giving generalized advice to the public—where judgment is not exercised on behalf of a particular client—is not considered the practice of law. See *Rowe*, 80 N.Y.2d at

2

342, 590 N.Y.S.2d 179, 604 N.E.2d 728; El Gemayel, 72 N.Y.2d at 706, 536 N.Y.S.2d 406, 533 N.E.2d 245."

(emphases added).

New York's UPL laws criminalize to "appear as an attorney at law" "hold himself or herself out to the public as being entitled to practice law as aforesaid, or in any other manner, or to assume to be an attorney or counselor at law".  See New York Consolidated Laws, Judiciary Law - JUD § 478. Practicing or appearing as attorney-at-law without being admitted and registered:

> "It shall be unlawful for any natural person to practice **or appear as an attorney-at-law** or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state, or to furnish attorneys or counsel or an attorney and counsel to render legal services, **or to hold himself or herself out to the public as being entitled to practice law as aforesaid, or in any other manner, or to assume to be an attorney or counselor-at-law,** or to assume, use, or advertise the title of lawyer, or attorney and counselor-at-law, or attorney-at-law or counselor-at-law, or attorney, or counselor, or attorney and counselor, or equivalent terms in any language, in such manner as to convey the impression that he or she is a legal practitioner of law or in any manner to advertise that he or she either alone or together with any other persons or person has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been duly and regularly licensed and admitted

3

to practice law in the courts of record of this state, and without having taken the constitutional oath. . . . "

(emphases added).

See New York Consolidated Laws, Judiciary Law - JUD § 485. Violation of certain preceding sections a misdemeanor: "Except as provided in section four hundred eighty-five-a of this article, **any person violating the provisions of section four hundred seventy-eight**, four hundred seventy-nine, four hundred eighty, four hundred eighty-one, four hundred eighty-two, four hundred eighty-three or four hundred eighty-four of this article, shall be guilty of a misdemeanor."

(emphases added).

To "appear as an attorney at law" is a status like being (1) mentally ill, (2) a leper, (3) afflicted with a venereal disease (4) being addicted or (5) having a common cold.  As such, the Eighth Amement prohibits it being criminalized.   If a person appears as an attorney either because he or she is an actor in a role of attorney or simply because he or she dresses with a dark suit and carries a briefcase, then this is a status that the Eigth Amendment prohibits New York from criminalizing.   To hold oneself out as or to assume to be an attorney is not far from appearing as such.

See <u>Robinson v. California,</u> 370 US 660, 666-667 (1962):

4

It is unlikely that any State at this moment in history would attempt to make it a criminal offense for a person to be mentally ill, or a leper, or to be afflicted with a venereal disease. A State might determine that the general health and welfare require that the victims of these and other human afflictions be dealt with by compulsory treatment, involving quarantine, confinement, or sequestration. But, in the light of contemporary human knowledge, a law which made a criminal offense of such a disease would doubtless be universally thought to be an infliction of cruel and unusual punishment in violation of the Eight and Fourteenth Amendments. See *Francis v. Resweber*, 329 U. S. 459.

We cannot but consider the statute before us as of the same category. In this Court counsel for the State recognized that narcotic addiction is an illness.[8] Indeed, it is apparently an illness which may be contracted innocently or involuntarily.[9] We hold that a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment. To be sure, imprisonment for ninety days is not, in the abstract, a punishment which is either cruel or unusual. But the question cannot be considered in the abstract. Even one day in prison would be a cruel and unusual punishment for the "crime" of having a common cold.

Rosenberg would like to intervene this case and argue that the district court's order should be affirmed on the basis that New York's UPL laws are unenforceable as violative of the Eighth Amendment.

Wherefore Rosenberg moves for permissive intervention.

CERTIFICATE OF SERVICE

I hereby certify I served upon filing ia CM/EWCF on February 1, 2024, 2024.

Respectfully Submitted,

*/s//* Erwin Rosenberg

5

Erwin Rosenberg<br>
1000 West Island Blvd. 1011<br>
Aventura, Florida 33160<br>
Tel 786-299-2789<br>
erwinrosenberg@gmail.com