

INSTITUTE FOR JUSTICE

May 9, 2024

**Via CM/ECF**
Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    RE:   *Upsolve, Inc. v. James*
             Case No. 22-1345-cv
             28(j) Letter

Dear Ms. Wolfe:

    I write in response to Appellant's May 8, 2024, letter about *Do No Harm v. Pfizer, Inc.*, 96 F.4th 106 (2d Cir. 2024), which holds that a preliminary injunction plaintiff must provide enough evidence of standing to survive a motion for summary judgment.

    *Pfizer* does nothing for Appellant's standing arguments because the record here shows far more than a scintilla of evidence of standing. In *Pfizer*, the plaintiff association failed to identify any specific person who was injured by the requirements of the challenged program. *Id.* at 118. Here, the record discloses not only specific people whose speech was (before the entry of the preliminary injunction) being chilled by the challenged rules, but also a long list of people who said they would want to listen to that speech if it were available. *See* Br. of Plaintiffs-Appellees (document 103) at 25. That meets the test articulated by *Pfizer*. Appellant complains that this evidence is "hearsay" and that the signatures of the would-be listeners are "unsworn and unverifiable," but (as Appellant has already explained) these objections are unavailing at the preliminary-injunction stage. *Id.* at 26. Simply put, nothing in *Pfizer* suggests that a First Amendment plaintiff who specifically testifies that he, personally, wants to engage in prohibited speech lacks standing.

    More broadly, *Pfizer* is a case in which the district court denied a procedurally insufficient motion for preliminary injunction and dismissed the underlying case. Here, the district court *granted* the motion for preliminary injunction, and Appellee Upsolve has been actively administering a volunteer

program (whose volunteers include Appellee Udo-Okon) for *two years* in reliance on that injunction. Dissolving that injunction—let alone dismissing this case without prejudice, as Appellant now asks—would be wildly disruptive to the real people who have relied on that injunction to protect their First Amendment rights for the past two years. Nothing in *Pfizer* is to the contrary. Appellant's standing arguments are meritless and should be rejected.

    I thank the Court for its attention.

                                          Sincerely,

                                          /s/ Robert J. McNamara
                                          Robert J. McNamara
                                          Brian A. Morris
                                          INSTITUTE FOR JUSTICE
                                          901 North Glebe Road, Suite 900
                                          Arlington, Virginia 22203
                                          (703) 682-9320

                                          *Counsel for Plaintiffs-Appellees*

cc (by ECF):

    All Counsel

## Certificate of Compliance

    This letter brief complies with the type-volume limitation of Fed. R. App. P. 28(j) as it contains 331 words.

Dated: May 9, 2024                          /s/ Robert J. McNamara
                                                  Robert J. McNamara

                                                  *Attorney for Plaintiffs-Appellees*