

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

May 28, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

The State hereby responds to plaintiffs' letter regarding *360 Virtual Drone Services LLC v. Ritter*, No. 23-1472 (4th Cir. May 20, 2024).

In *360 Virtual*, the Fourth Circuit rejected a First Amendment challenge to a state license requirement covering the profession of surveying—i.e., creating maps containing measurable data about landscape features. Op. at 3, 5-7. The court considered the constitutional line "between a regulation aimed at professional conduct that incidentally burdens speech and one aimed at speech as speech," and determined that the surveyor-license requirement fell in the first category. Op. at 17, 24-25. The court therefore applied a relaxed form of intermediate scrutiny and upheld the requirement. Op. at 26-29.

That result is correct, and further supports reversal of the preliminary injunction here. Like the surveyor-license requirement in *360 Virtual*, New York's attorney-license requirement targets professional conduct rather than speech as speech. State Br. at 37-45; Reply at 6-17.

Any resulting burden on speech is merely incidental and does not trigger strict scrutiny.

Moreover, in *360 Virtual*, the Fourth Circuit emphasized the well-established history of States regulating who is qualified to practice certain professions, including law and medicine. Op. at 11, 15, 17-18. That emphasis fits with this Court's decision in *Brokamp v. James*, which explained that a regulation is content neutral, and thus does not trigger strict scrutiny, when its requirements focus on the qualifications needed to practice a profession—including a profession practiced through speaking—rather than the content of the speech itself. 66 F.4th 374, 392-94 (2d Cir. 2023).

Contrary to plaintiffs' contentions, *360 Virtual*'s analysis accords with *Holder v. Humanitarian Law Project*, which applied strict scrutiny to a statute prohibiting advice reflecting a disfavored message and viewpoint (material support for terrorist organizations). 561 U.S. 1, 8-9, 28-29 (2010). In contrast, New York's statute prohibiting the unauthorized practice of law regulates who may practice law without disfavoring (or favoring) viewpoints. *See* Op. at 19. See State Br. at 35-48, 56-69; Reply at 6-17, 25-33.

Respectfully submitted,

*/s/ Cleland B. Welton II*

Cleland B. Welton II
Assistant Solicitor General

cc (via CM/ECF): All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 329 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II