

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

June 20, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

    Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

    Contrary to plaintiffs' contentions, the narrow trademark-law decision in *Vidal v. Elster*, No. 22-704 (U.S. June 13, 2024), is inapposite to plaintiffs' claim that New York's longstanding attorney-licensing requirement is unconstitutional.

    The statute in *Vidal* plainly discriminates based on content: a proposed trademark that identifies a particular living person is not registrable without that person's consent, while no such restriction applies to a proposed trademark that does not identify a living person. Op. at 6; 15 U.S.C. § 1052(c).

    In contrast, the unauthorized-practice statutes do not discriminate based on content: they do not "restrict[] discussion of a subject matter or topic," Op. at 4. State Br. 48-52; Reply 17-19. Rather, assuming that the statutes regulate speech rather than nonspeech conduct, they apply regardless of subject matter or topic to speech having a particular purpose, focus, and circumstance—i.e., speech comprising purportedly expert legal

advice, applied to a client's specific circumstances, in an individualized setting. *See Brokamp v. James*, 66 F.4th 374, 397 (2d Cir. 2023). For example, speech about personal relationships triggers the statutes if it arises in the context of rendering legal advice about a divorce; speech about medical challenges triggers the statutes if it arises in the context of rendering legal advice about a malpractice claim; and speech about sports triggers the statutes if it arises in the context of rendering legal advice about a ballplayer's contract. *See id.*

Because § 1052(c) distinguishes among proposed trademarks based on content, plaintiffs are wrong to assert (Ltr. 1) that *Vidal* "hinged on the source of the speech." The Court did not address the constitutionality of a regulation that distinguishes among speakers and did not overrule settled precedent recognizing that a speaker preference does not trigger strict scrutiny absent a content preference. *See Barr v. American Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 619-20 (2020) (op. of Kavanaugh, J.); *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 645 (1994). No content preference is reflected in the State's determination—reflecting a tradition predating the Founding—to limit the legal profession to qualified practitioners. State Br. 36, 52-54; Reply 19, 21-24.

Respectfully submitted,

*/s/ Cleland B. Welton II*

Cleland B. Welton II
Assistant Solicitor General

cc (via CM/ECF): All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II