UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** Case 22-1345

**Caption [use short title]:** Upsolve v. James

**Motion for:** ERWIN ROSENBERG'S SEVENTH MOTION FOR PERMISSIVE INTERVENTION

Set forth below precise, complete statement of relief sought:

to intervene and ask this Court to affirm the district court's injunction order on the basis that New York's UPL laws are invalid as violative of the Equal Protection Clause since they prohibit all professional legal advice speech too broad an interference on professional speech.

**MOVING PARTY:** Erwin Rosenberg
**OPPOSING PARTY:** Appellee and Appellant

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Erwin Rosenberg (pro se)
**OPPOSING ATTORNEY:** Mr. McNamara and Mr. Welton

[name of attorney, with firm, address, phone number and e-mail]

1000 Island Blvd. 1011
Aventura, FL 33160
305-742-7065 erwinrosenberg@gmail.com

**Court- Judge/ Agency appealed from:** District Court Judge Paul Crotty

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☒ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☒ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☒ Yes  ☐ No  If yes, enter date: Date Argued: May 29th, 2024

**Signature of Moving Attorney:**
_[signature]_  **Date:** July 26, 2024  **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/

**ERWIN ROSENBERG'S SEVENTH MOTION FOR PERMISSIVE INTERVENTION**

This Court is reviewing a district court's preliminary injunction order in favor of Appelees which was decided on the basis of the First Amendment.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see <u>Automobile Workers</u>, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " <u>Cameron v. EMW Women's Surgical Center, PSC</u>, 142 S. Ct. 1002, 1011-1012 (2022).

Like Plaintiffs, Rosenberg, is someone who the New York Attorney General considers to be prohibited by New York's UPL laws from practicing law in New York.

On July 19, 2024 this Court decided *T.W. v. New York State Board of Law Examiners et. al.*, Case No. 22-1661. In that case this Court suggested that if one can ndicate to this Court that professional speech is protected by the First Amendment then he may have a

1

claim for heightened scrutiny under the Equal Protection Clause.

This Court stated in *T.W.* as follows:

> " T.W.'s assertion that there is an access-to-courts angle to her claim (which she says is a "plus factor") fares no better. Laneaddressed the "right of access to the courts," a fundamental civil right enshrined and expanded by other constitutional amendments. 541 U.S. at 523. These include the Confrontation Clause of the Sixth Amendment, the Due Process Clause, which "requires the States to afford certain civil litigants a meaningful opportunity to be heard by removing obstacles to their full participation in judicial proceedings," the Sixth Amendment right to trial "by a jury composed of a fair cross section of the community," and the First Amendment "right of access to criminal proceedings." Id. (internal quotation marks omitted). But the right of access to courts in *Lane* did not involve the right of individuals to earn a living in courts as a licensed lawyer (and for that matter, bar admission is required for all practicing lawyers, even those whose work involves only transactional or advisory work, and who never appear in court). The Supreme Court's failure to mention that species of supposed "access" in *Lane* comes as no surprise, **because nothing in the Constitution guarantees an individual a right to work as a lawyer, nor does T.W. identify any authority otherwise**. Accordingly, we conclude that T.W.'s complaint invokes only the right of occupational choice, and more specifically that of professional licensing.

2

We next consider the scope of that right. "[T]he liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment," but this right is "subject to reasonable government regulation." <u>Conn v. Gabbert,</u> 526 U.S. 286, 291-92 (1999); see also <u>Hu v. City of New York</u>, 927 F.3d 81, 102 (2d Cir. 2019) ("[T]he right of occupational choice is afforded Due Process protection only when a plaintiff is completely prohibited from engaging in his or her chosen profession." (cleaned up)). **Although T.W. does not press an Equal Protection Clause claim on appeal, even if she did, the Board's conduct "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."** <u>Garrett</u>,531 U.S. at 366-67 (internal quotation marks omitted). In sum, the right at issue here— a disabled person's right to practice her chosen profession—is not afforded heightened scrutiny."

(emphases added).

T.W. failed to mention <u>Nifla v Becerra</u>, 138 S. Ct. 2361, 1271-1272 (2018) which says that professional speech is protected by the First Amendment:

"But this Court has not recognized "professional speech" as a separate category of speech. Speech is not unprotected *2372merely because it is uttered by "professionals." This Court has "been reluctant to mark off new categories of speech for diminished constitutional protection." <u>Denver Area Ed.</u>

3

Telecommunications Consortium, Inc. v. FCC, 518 U.S. 727, 804, 116 S.Ct. 2374, 135 L.Ed.2d 888 (1996) (KENNEDY, J., concurring in part, concurring in judgment in part, and dissenting in part). And it has been especially reluctant to "exemp[t] a category of speech from the normal prohibition on content-based restrictions." United States v. Alvarez, 567 U.S. 709, 722, 132 S.Ct. 2537, 183 L.Ed.2d 574 (2012) (plurality opinion). This Court's precedents do not permit governments to impose content-based restrictions on speech without "`persuasive evidence . . . of a long (if heretofore unrecognized) tradition'" to that effect. Ibid. (quoting Brown v. Entertainment Merchants Assn., 564 U.S. 786, 792, 131 S.Ct. 2729, 180 L.Ed.2d 708 (2011))."

Dandridge v. William, 397 US 471, 484 (1970) says:

"The District Court, while apparently recognizing the validity of at least some of these state concerns, nonetheless held that the regulation "is invalid on its face for overreaching," 297 F. Supp., at 468—that it violates the Equal Protection Clause "[b]ecause it cuts too broad a swath on an indiscriminate basis as applied to the entire group of AFDC eligibles to which it purports to apply . . . ." 297 F. Supp., at 469.

If this were a case involving government action claimed to violate the First Amendment guarantee of free speech, a finding of "overreaching" would be

4

significant and might be crucial. For when otherwise valid governmental regulation sweeps so broadly as to impinge upon activity protected by the First Amendment, its very overbreadth may make it unconstitutional. See, e. g., <u>Shelton v. Tucker</u>, 364 U. S. 479."

<u>Shelton v. Tucker,</u> 364 U.S. 479, 488 (1960) says "In <u>Lovell v. Griffin</u>, 303 U. S. 444, the Court invalidated an ordinance prohibiting all distribution of literature at any time or place in Griffin, Georgia, without a license, pointing out that so broad an interference was unnecessary to accomplish legitimate municipal aims."

Similarly, Rosenberg would like to intervene in this case and ask this Court to affirm the district court's injunction order by invalidated New York's Unlicensed Practice of Law laws since they prohibit all professional legal advice speech at any time or place in New York without a license. So broad an interference was unnecessary to accomplish legitimate State's aims.

Wherefore Rosenberg moves for permissive intervention.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify I served upon filing ia CM/EWCF on July 26, 2024.

5

Respectfully Submitted,

<u>/s// Erwin Rosenberg</u>
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com