# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1345

**Caption [use short title]:** UPSOLVE v. JAMES

**Motion for:** 8TH MOTION FOR PERMISSIVE INTERVENTION

Set forth below precise, complete statement of relief sought:

TO INTERVENE AND FOR THIS COURT TO AFFIRM THE DISTRICT COURT'S INJUNCTION AND HOLD THAT DUE PROCESS CLAUSE PREVENTS PROHIBTING UPL OUTSIDE OF COURT AND ONE WHO BECOMES A LAWYER MAY NOT BE SUSPENDED OR DISBARRED,

**MOVING PARTY:** ERWIN ROSENBERG
**OPPOSING PARTY:** APPELLEE AND APELLANT

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** ERWIN ROSENBERG (PRO SE)
**OPPOSING ATTORNEY:** Mr. McNamara and Mr. Welton

[name of attorney, with firm, address, phone number and e-mail]

Erwin Rosenberg (pro se)
1000 Island Blvd 1011, Aventura fl 33160
305-742-7065 ERWINROSENBERG@GMAIL.COM

**Court- Judge/ Agency appealed from:** JUDGE CROTTY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☒ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☒ Yes ☐ No If yes, enter date: Date Argued: May 29th, 2024

**Signature of Moving Attorney:**
s./ Erwin Rosenberg (pro se)  **Date:** Aug 6 2024  **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Case 22-1345,

UPSOLVE, INC.

v.

JAMES, LETITIA
_____/


**ERWIN ROSENBERG'S EIGHTH MOTION FOR PERMISSIVE INTERVENTION**

This Court is reviewing a district court's preliminary injunction order in favor of Appelees which was decided on the basis of the First Amendment.

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see _Automobile Workers_, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " _Cameron v. EMW Women's Surgical Center, PSC_, 142 S. Ct. 1002, 1011-1012 (2022).

Like Plaintiffs, Erwin Rosenberg, a disbarred attorney, is someone who the New York Attorney General considers to be prohibited by New York's UPL laws from practicing law in New York.

On May 15, 2024 the Court of Appeals for the Eleventh Circuit decided _Cichowski v. Totten_, No. 24-10195 (Unpublished opinion), where it deals with a case involving the

1

unlicensed practice of law. The Court said as follows:

> "The problem for the Cichowskis is that rules barring the unauthorized practice of law have been upheld when challenged under the Fourteenth Amendment. See *Wright v. Lane Cty. Dist. Ct*., 647 F.2d 940, 941 (9th Cir. 1981); *Monroe v. Horwitch*, 820 F.Supp. 682, 686-87 (D. Conn. 1993). Although these cases did not involve disabled individuals, we are aware of no authorities to the contrary. On the facts alleged, the amended complaint does not state a claim for a constitutional violation."

The Wright and Monroe cases cited herein refer to Hackin v. State, 102 Ariz. 218, 220, 427 P.2d 910, 912 (1967), *appeal dismissed for want of a substantial federal question,* 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967).

*Monroe v. Horwitch*, 820 F. Supp. 682, 686 n. 4 (Dist. Court, D. Connecticut 1993) says as follows:

> ""Summary affirmances and dismissals for want of substantial federal question ... reject the specific challenges presented in the statement of jurisdiction and ... leave undisturbed the judgment appealed from. They ... prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238,

2

2240-41, 53 L.Ed.2d 199 (1977)."

However, a court must give approrpirate, but not necessarily conclusive, weight to the Hackin summary disposition. See Mandel v. Bradley, 432 US 173, 180 (1977)(MR. JUSTICE BRENNAN, concurring.):

> "After today, judges of the state and federal systems are on notice that, before deciding a case on the authority of a summary disposition by this Court in another case, they must (a) examine the jurisdictional statement in the earlier case to be certain that the constitutional questions presented were the same and, if they were, (b) determine that the judgment in fact rests upon decision of those questions and not even arguably upon some alternative nonconstitutional ground. The judgment should not be interpreted as deciding the constitutional questions unless no other construction of the disposition is plausible. In other words, after today, "appropriate, but not necessarily conclusive, weight" is to be given this Court's summary dispositions."

In that case the Supreme Court of Arizona held that ***it can be disputed*** whether one who represents another outside the court, be he an indigent or not, is, under our adversary process, going to the very core of the practice of law. See Hackin, 427 P.2d at 221: "It cannot be disputed that one who represents another in court, be he an indigent or not, is, under our adversary process, going to the very core of the practice of law, a fact with which even the most uninformed persons are well aware." As such, the district court

3

injunction order should be affirmed on the basis that since Appellees are only providing legal advice outside of court there is insufficient notice under the Due Process Clause to prevent them from doing so.

Furthermore, in that case the Supreme Court of Arizona held that the right to freedom of speech under the First Amendment of the United States Constitution would be violated by reason of a conviction of someone who has fulfilled certain rigid qualifications established by this court.  See Hackin, 427 P.2d at 220: "Defendant next contends that his right to freedom of speech under the First Amendment of the United States Constitution was violated by reason of his conviction in the present cause. This contention is without merit. The practice of law is above that of a mere privilege. It cannot be treated as a matter of grace or favor. But it may be granted only upon fulfillment of certain rigid qualifications established by this court.".  Since Erwin Rosenberg at some point did fulfill the rigid qualifications established by the New York courts, his litigations was an exercise of his First Amendment rights and therefore it cannot be abridged with discipline or a restriction on his continued ability to engage in the practice of law.

Wherefore Erwin Rosenberg moves for leave to intervene in this case and asks this Court to affirm the district court order with the legal opinions suggested in this motion.

CERTIFICATE OF SERVICE

I hereby certify I served upon filing ia CM/EWCF on August 6 2024.

Respectfully Submitted,

<u>*/s//* Erwin Rosenberg</u>
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

5