

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

October 3, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

Contrary to plaintiffs' assertion (ECF 304), *Hines v. Pardue* does not support affirmance.

First, *Hines* was not (*contra id.*) a "challenge to a licensing restriction." Rather, the case arose when a licensed veterinarian challenged Texas's statutory prohibition on conveying veterinary advice without an in-person examination. Op. 3-5.

Second, the statute in *Hines* restricted the *communication* of veterinary advice. It did not attach to the generation of a diagnosis and treatment plan, but "*only* kicked in" when the plaintiff "began to share his opinion." Op. 14. In contrast, New York's attorney-licensing requirement applies to plaintiffs' *generation* of legal advice. Any burden on plaintiffs' *communication* of such advice is merely incidental. State Br. 39-52; Reply 9-16; ECF 174, 231, 286. Rational basis review therefore applies. *See* Op. 8 n.22; State Br. 56-58; Reply 25-26.

Third, upon ruling that the statute directly regulated speech, *Hines* applied intermediate scrutiny. Op. 15-28. If this Court determines (or, as in *Brokamp*, assumes arguendo) that New York's attorney-licensing requirement directly regulates speech, then *Hines* supports the application of intermediate scrutiny. See State Br. 56-69; Reply 25-33; ECF 186.

Fourth, the statute in *Hines* failed intermediate scrutiny because Texas could achieve its interests through less restrictive means—e.g., requiring an in-person examination only when medically necessary. Op. 25-28. By contrast, New York's attorney-licensing requirement satisfies intermediate (and strict) scrutiny because no alternative regime exists under which plaintiffs could practice law under Upsolve's inadequate training guide while sufficiently protecting the State's undisputedly compelling interests in protecting the public and the courts from the harms posed by unlicensed law practice. State Br. 60-69; Reply 26-32; ECF 174, 241; ECF 271 at 4-20.

Finally, the *Hines* concurrence errs in reasoning that a speech regulation is necessarily content-based, and thus triggers strict scrutiny, if it requires examining the speech's content. Op. 29-30. As *Brokamp* explained, a regulation is content-*neutral* despite entailing examination of the speech's content so long as it "applies—regardless of what is said—only to speech having a particular purpose, focus, and circumstance." 66 F.4th 374, 393 (2d Cir. 2023); *see id.* at 392-97; ECF 186, 231, 286, 292.

                                                Respectfully submitted,

                                                */s/ Cleland B. Welton II*

                                                Cleland B. Welton II
                                                Assistant Solicitor General

cc (via CM/ECF): All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II