

INSTITUTE FOR JUSTICE

January 17, 2025

**Via CM/ECF**
Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE:   *Upsolve, Inc. v. James*
               Case No. 22-1345-cv
               28(j) Letter

Dear Ms. Wolfe:

      I write in response to Appellee's letter highlighting *Polaski v. Lee*, 2024 WL 5121029 (E.D.N.C. 2024).

      This Court should not follow *Polaski* because *Polaski* applies Fourth Circuit law, and, as the parties have previously briefed, the Fourth Circuit is on the wrong side of an active circuit split on this issue. *Compare* Document 274 (28(j) letter explaining the Fourth Circuit's adoption of a rule contrary to Supreme Court precedent) *with* Document 304 (letter detailing the Fifth Circuit's rejection of that rule). The Fourth Circuit, in *360 Degree Virtual Drone Services v. Ritter*, invented a new form of intermediate scrutiny that applies only to occupational licensing laws when they suppress speech that (for example) is spoken in private or is not politically controversial. 102 F.4th 263, 274–75 (4th Cir. 2024). Ordinary intermediate scrutiny—the kind that the Fourth Circuit acknowledges applies to "most content-neutral restrictions on speech"—requires the government to meet an evidentiary burden, but the Fourth Circuit's newfangled intermediate scrutiny "does *not* require such evidence." *Id.* at 278.

      There is no basis in the Supreme Court's caselaw either for inventing a new tier of scrutiny or for applying that lessened scrutiny only to laws regulating speech that the government deems part of the practice of a profession. *See* Appellees' Br. 29–34 (discussing the then-current state of the circuit split). And, unsurprisingly, other circuits have declined to follow suit. *See Hines v. Pardue*, 117 F.4th 769, 779 (5th Cir. 2024) (noting, in an as-applied challenge to a licensing law, that the intermediate-scrutiny burden "rests *entirely* on the State"). Against that backdrop,

it is no surprise that a district court in the Fourth Circuit (which is not allowed to demand evidence of the government in a case like this) comes out differently than would a district court in a jurisdiction that applies normal First Amendment principles to cases like this one. In short, Appellant's letter about *Polaski* is just a renewed invitation to reject the Fifth Circuit's approach and adopt the Fourth's. For the reasons already briefed, this Court should decline.

    I thank the Court for its attention.

                                      Sincerely,

                                      /s/ Robert J. McNamara
                                      Robert J. McNamara
                                      Brian A. Morris
                                      INSTITUTE FOR JUSTICE
                                      901 North Glebe Road, Suite 900
                                      Arlington, Virginia 22203
                                      (703) 682-9320

                                      *Counsel for Plaintiffs-Appellees*

cc (by ECF):

    All Counsel

## Certificate of Compliance

    This letter brief complies with the type-volume limitation of Fed. R. App. P. 28(j) as it contains 349 words.

Dated: January 17, 2025                           /s/ Robert J. McNamara
                                                            Robert J. McNamara

                                                            *Attorney for Plaintiffs-Appellees*