

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

April 11, 2025

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

Plaintiffs misplace their reliance (ECF 312) on *Veterans Guardian VA Claim Consulting LLC v. Platkin*, No. 24-1097, 2025 WL 968517 (3d Cir. April 1, 2025).

First, in stating that a person "likely" engages in First Amendment protected speech by "deliver[ing] professional services" such as legal advice (Op. 9), the Third Circuit did not consider, let alone reject, the distinction between the *conduct* of generating legal advice (i.e., applying knowledge, judgment, and skill to particular facts) and the *speech* act of communicating such advice. New York's unauthorized-practice statutes regulate the former, and at most incidentally burden the latter—in a manner that does not trigger strict scrutiny. See State Br. 36-45; Reply 8-17; ECF 231, 286, 306, 307, 309.

Second, the Third Circuit did not decide whether the statute at issue was content-neutral, but instead directed the district court to consider on remand "whether the law applies to speech based on its content or

topic." Op. 13. New York's unauthorized-practice statutes do not draw such content distinctions, and so do not trigger strict scrutiny. See State Br. 48-52; Reply 17-20; ECF 186, 286, 292.

Third, plaintiffs err in suggesting that adding unspecified disclaimers to Upsolve's program could serve as a "targeted solution" (Op. 15) sufficient to satisfy the State's compelling interests in protecting the public and the courts from unethical, incompetent, and unsupervised legal advice (see State Br. 60-62; Reply 26). To win this as-applied lawsuit, plaintiffs would have to establish a right to practice law *under the terms of Upsolve's specific program*. But as the State has explained, Upsolve's program plainly does not satisfy the State's compelling interests—and plaintiffs have not identified any disclaimer that could somehow remedy the program's manifold deficiencies. See State Br. 62-68; Reply 27-32; ECF 174, 186, 241.

Finally, Judge Krause's concurring opinion in *Veterans Guardian* underscores the "long tradition of professional licensing schemes" that began to develop (and to cover persons practicing law) centuries before the Founding. Concurrence 3-5. New York's attorney-licensing requirement falls well within that history and tradition. It does not violate the First Amendment. See State Br. 36, 53-54; Reply 21-24.

Respectfully submitted,

*/s/ Cleland B. Welton II*

Cleland B. Welton II
Assistant Solicitor General

cc (via CM/ECF): All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II
