

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

September 8, 2025

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 22-1345

Dear Ms. Wolfe:

Contrary to plaintiffs' letter, *Richwine v. Matuszak*, No. 24-1081 (7th Cir. Jan. 15, 2025), does not "directly reject[] the [State's] arguments" (ECF 318 at 2)—nor does it otherwise support plaintiffs' position.

First, *Richwine* did not resolve any "speech/conduct question" (*id.* at 1). The Seventh Circuit expressly *declined* to decide what level of scrutiny applied to the statute at issue. Op. 19.

Second, plaintiffs' letter misreads both *Richwine* and *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010). As this Court explained in *Brokamp v. James*, a law that imposes penalties "only for providing [professional counseling] without a license" does not trigger strict scrutiny under *Holder* so long as "the content of that counseling is irrelevant" to the statute's coverage. 66 F.4th 374, 394 n.19 (2d Cir. 2023). See State Br. 50-52; Reply 9-11; ECF 186, 231, 286, 292, 306, 309. Assuming arguendo that the attorney-licensing statutes here regulate speech rather than conduct (see ECF 307 at 2), *Brokamp* dictates that no more

than intermediate scrutiny applies under *Holder*: The statutes apply to everyone who practices law, without regard for the content of any legal advice. Even if *Richwine* could be read to interpret *Holder* differently, the opinion cannot overrule *Brokamp*—which remains binding precedent here.

Third, further assuming that intermediate scrutiny applies (but see State Br. 56-58; Reply 25-26), the State had no need to present cumulative evidence to satisfy the test. *See Brokamp*, 66 F.4th at 397-98. Upsolve's own "training guide" (J.A. 42-59) amply demonstrates that plaintiffs' program does not adequately protect the public from unethical and incompetent legal advice. Considering those defects, there is no less restrictive regime under which plaintiffs' program could operate consistent with the State's compelling interests. See State Br. 14-19, 62-68; Reply 26-32; ECF 241, 306, 314.

Finally, *Richwine* highlights one of many deficiencies in Upsolve's program. Whereas each client in *Richwine* was required to hire a licensed funeral director to supervise the provision of services (Op. 20-21, 24), plaintiffs here assert a right to render legal advice *without* the protection that would be afforded by attorney supervision. They have no such right.

> Respectfully submitted,
>
> */s/ Cleland B. Welton II*
>
> Cleland B. Welton II
> Assistant Solicitor General

cc (via CM/ECF):  All counsel of record

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

*/s/ Cleland B. Welton II*
Cleland B. Welton II